## CLARA STERRETT, Appellant, v. METRO-POLITAN STREET RAILWAY COMPANY.

### Division One, January 4, 1910.

1. **APPELLATE PRACTICE: Specific Assignments in Motion for New Trial.** Where the motion for a new trial specifically points out the evidence which appellant says should have been admitted, or the instructions which should have been given and were not, or the instructions which should have been refused but were given, and contains no general charge of error in refusing or rejecting evidence, or in giving or refusing instructions, appellant is bound by the terms of his motion, and cannot go beyond it for assignment of errors on appeal.

2. ———: ———: **Modification of Instructions.** An assignment that "the court erred in refusing to give certain instructions offered by plaintiff, in the condition in which they were when offered, and thus compelling plaintiff's counsel to modify the same, as given," is of no avail. It indicates that plaintiff modified his own instructions and they were then given. The modification being that of plaintiff and not of the court, the court cannot be convicted of error because of the modification.

3. **NEGLIGENCE: Specific Acts: Burden.** Where the petition even though plaintiff was a passenger, rests, not upon a general charge of negligence, but upon charges of specific acts of negligence, the duty is upon her to carry the burden and make her case by a preponderance of the evidence.

4. ———: **Instructions: Requiring Proof of Allegations.** An instruction for defendant which truthfully recites the negligence pleaded, and limits the jury to finding those acts charged, and tells them they must not consider any other acts of negligence, and that "if plaintiff has failed to prove to your satisfaction by the greater weight of the credible evidence in the case, that

she received her injuries by the negligence of defendant's servants as alleged, then she must fail in her action," if only cautionary, and meant to tell them they could not consider any other acts of negligence, and not to require them to find every act of negligence charged, is not reversible error.

5. **EVIDENCE: Contents of Release: Compromise.** Proof of the contents of a destroyed release, unsigned, prepared in the course of an attempt to compromise and settle plaintiff's claim, is properly excluded.

Appeal from Jackson Circuit Court.—*Hon. Wm. B. Teasdale,* Judge.

AFFIRMED.

*Theoph. L. Carns* for appellant.

(1) Where, in an action for damages, the plaintiff's petition states: 1st, That she was injured by the starting of defendant's car while she was in the act of boarding the same; 2d, That the start of the car was so sudden as to throw her down; and, 3d, That defendant's servants knew, or by diligence could have known, that she was so in the act of boarding the car; the first charge is the essential and predicative one, and plaintiff is entitled to recover upon establishing that charge alone; while the second and third charges are non-essential particulars, and may be disregarded as superfluous. Nelson v. Railroad, 113 Mo. App. 702; Ridenour v. Railroad, 102 Mo. 283; Green v. Railroad, 122 Mo. App. 650; Stoddard v. Railroad, 105 Mo. App. 512; Barth v. Railroad, 142 Mo. 535; Alten v. Railroad, 133 Mo. App. 430; Ratcliffe v. Railroad, 90 Mo. 127. (2) Starting a car while a passenger (a woman with a basket in each hand) is on the step and in the act of stepping upon the platform, is negligence *per se;* and the suddenness of the start is unimportant. Likewise it is unimportant whether or not the defendant's servants know, or by diligence might know, that the passenger is in the act

of boarding the car. Barth v. Railroad, supra; Stoddard v. Railroad, supra; Murphy v. Railroad, 125 Mo. App. 275; Bowling v. Railroad, 125 Mo. App. 419; Nelson v. Railroad, supra; Ridenour v. Railroad, supra; Green v. Railroad, supra; Alten v. Railroad, 133 Mo. App. 430. (3) And, in such a case, instructions which prohibit a finding for the plaintiff upon proof of the fact that the car was started while she was on the step and in the act of stepping upon the platform, and requiring the further finding that the start of the car was sudden, or that defendant's servants knew or by diligence could have known that plaintiff was in such position, are erroneous. Chadwick v. Railroad, 195 Mo. 517; Foland v. Railroad, 119 Mo. App. 284; Nelson v. Railroad, 113 Mo. App. 702; Barth v. Railroad, 142 Mo. 549; Devoy v. Railroad, 192 Mo. 209. (4) An instruction to the jury in an action for damages sustained by the plaintiff while a passenger on one of defendant's cars, to the effect that the burden of proving the negligence charged rests upon the plaintiff throughout the entire trial, is erroneous. Olson v. Railroad, 152 Mo. 426; Och v. Railroad, 130 Mo. 51; Wilkerson v. Railroad, 26 Mo. App. 152. (5) And, in such a case an instruction to find for the defendant, "unless you believe and find from the evidence . . . that the plaintiff has proven by a preponderance of the credible evidence . . . to your satisfaction," the essential acts of negligence, is erroneous. Grant v. Rowe, 83 Mo. App. 560; Murray v. Railroad, 101 Mo. 236; Williams v. Watson, 34 Mo. 95; Gardner v. Railroad, 223 Mo. 389.

*John H. Lucas* and *Ben. T. Hardin* for respondent.

(1) This court is relieved of any consideration of instructions 7 and 8, etc., for the reason that there is not the slightest reference to them in the motion for a new trial. Coffey v. Carthage, 200 Mo. 616;

Sterrett v. Met. Street Ry. Co.

State v. Miles, 199 Mo. 530; Eppstein v. Railroad, 197 Mo. 720; State v. Richardson, 194 Mo. 336; State v. Grant, 194 Mo. 364; Hoke v. Central Farmers' Club, 194 Mo. 584; Carpenter v. Roth, 192 Mo. 658; State v. Diltz, 191 Mo. 672; State v. Eaton, 191 Mo. 151; St. Louis v. Lawton, 189 Mo. 474; State v. Atchley, 186 Mo. 196; Baker v. Railroad, 107 Mo. 230; State ex rel. v. Turner, 113 Mo. App. 53. (2) The instructions asked by plaintiff and given as modified by the court, and those given for defendant, were correct declarations of law; they were based upon the allegations in plaintiff's petition. The allegations of negligence were specifically set forth in the petition, and it was proper that the instructions should be based on such allegations, and it would have been reversible error not to have done so. Black v. Railroad, 217 Mo. 672; Wojlylak v. Coal Co., 188 Mo. 260; Hamilton v. Railroad, 114 Mo. App. 513; Wilmett v. Railroad, 106 Mo. 535; Bank v. Armstrong, 62 Mo. 59; Raysdom v. Trumbo, 52 Mo. 35; Bank v. Murdock, 62 Mo. 70; Allen v. Railroad, 183 Mo. 411; Hemphill v. Kansas City, 100 Mo. App. 563. (3) There was no error in giving instruction 2, for defendant. It is, and always has been the law, and appellant's counsel is in error in his claim that after plaintiff showed that she was injured while a passenger on defendant's car, the burden shifted. The doctrine of *res ipsa loquitur* does not apply in a case where, as here, specific acts of negligence are pleaded. Davidson v. Railroad, 211 Mo. 362; Kirkpatrick v. Railroad, 211 Mo. 68; Roscoe v. Railroad, 202 Mo. 424; Orcutt v. Century Building Co., 201 Mo. 424; McGrath v. Railroad, 197 Mo. 97.

GRAVES, J.—Plaintiff alleging herself to be a passenger of the defendant brings this suit to recover damages for an injury to her knee, which she claims was occasioned by a fall in an attempt to board one of defendant's cars. She claims to have been carrying

a basket of hand-painted china in each hand and to have mounted the step of the car while it was yet standing, but that before she could step to the platform, and whilst she was in the act of stepping from the step to the platform, the car suddenly started and she was thrown down on the platform and received the injury complained of in this action. The place is located at Fifteenth street and Troost avenue in Kansas City, where defendant maintains a street railway system. The important parts of the petition are couched in this language:

"She went to the corner of said Fifteenth street and Troost avenue where the defendant at all times stopped its cars for the purpose of receiving and discharging passengers, and when said car approached her from the west, she signaled the defendant's servants in charge of said car to stop in order that she might board said car. That defendant's said servants saw this plaintiff and stopped said car in order that she might board the same; and that plaintiff, with due diligence and care, proceeded to board said car in the usual manner. That while plaintiff was in the act of boarding said car, and immediately after she had stepped upon the first step of said car and was in the act of stepping upon the platform of the same, and before she had sufficient time to get upon the platform, the servants and employees of the defendant in charge of said car, negligently started said car forward suddenly and at a rapid rate of speed and thereby threw plaintiff forward with great force and thus caused her to fall upon said platform, and that in so doing, she struck her left knee upon said platform with great force and violence, and thereby greatly bruised and sprained said knee and the bones, ligaments, cartilages and membranes thereof.

"Plaintiff states that her said injuries have resulted from the negligence of the defendant's servants in starting said car before plaintiff had time to

board the same in safety, and in starting the same so suddenly and rapidly as to throw plaintiff upon said platform as aforesaid; and that said servants knew that plaintiff was in the act of boarding said car, at said time and place, or by the exercise of reasonable diligence could have known the same.''

Damages were alleged to be in the sum of fifteen thousand dollars.

For answer the defendant interposed a general denial and a plea of contributory negligence. Reply was a denial of the new matter in the answer. The jury found a verdict for the defendant, upon which judgment was entered and from this judgment the plaintiff has appealed to this court.

Plaintiff testified in her own behalf and her testimony meets the allegations of her petition, save and except that her statement is somewhat conflicting as to any sudden and rapid starting of the car, as will be shown when that point is reached. She says the motorman saw her as she started to get on the car but did not see her as she fell, and that after the fall she was helped up by two men, neither of whom was at the trial. She says that she made no outcry and went on home, without notifying any of the train men. This she did, as she avers, because she did not think she was injured much. It also appears that some thirteen days after the accident the defendant mailed to plaintiff a blank proof of loss. This she filled up at her own home and mailed to the company: In that she only claimed as damages and loss the broken dishes, which she valued at $30. In this written report she says the car stopped, but nothing about the alleged fact that it stopped upon her signal.

The defendant by its evidence took the position that no accident ever occurred. To this end they put on all the motormen who passed over the line anyway near the time of the alleged accident, and none of them ever saw plaintiff or heard of her alleged fall and in-

jury. From the aunt of plaintiff it is made to appear that within a few days after the accident, she called at the office of the company and notified them of the breaking of the china and that she was the owner thereof. It was perhaps through this information that the company came to send the blank to plaintiff for her claim. Plaintiff's testimony, shaken in many respects, stands alone upon the question of her attempting to board the train and upon the question of whether or not she was injured by defendant or its servants. From her testimony it would appear that the car was fairly filled with passengers. She produces no one to corroborate her, and defendant, not notified at the time of the injury, as stated by plaintiff, puts in the proof above indicated. Questions raised, turn largely upon the instructions. Plaintiff says that the trial court so misdirected the jury that it was induced to decide against her. Defendant says that the testimony of plaintiff was so shattered by her own contradictions and other proof that no jury would believe her. The instructions and the points made thereon, as well as the applicable evidence, will be noted in the course of the opinion. This brief statement will suffice for a discussion of the errors assigned.

I. In the motion for new trial set out in the abstract are fourteen errors charged to the trial court. Three are general, thus: (1) verdict is against the law, (2) verdict is against the evidence, and (3) verdict is against the law and the evidence. The remaining alleged errors are highly specific. That is, when error is charged as to the refusal to admit evidence, the evidence refused is pointed out, and when it comes to the giving and refusing of instructions, the instructions are specifically pointed out.

In the brief there are fourteen assignments of error, not corresponding however in detail to the motion for new trial *nisi.*

Where the motion for new trial specifically points out the evidence which appellant says should have been admitted, or the instructions which should have been given and were not given, or the instructions which were given and should not have been given, and contains no general charge of error in admitting or rejecting evidence, or in giving or refusing instructions, then the appellant is bound by the terms of his motion below, and cannot go beyond it for assignment of errors here. In the motion for new trial it is urged that the court erred in refusing to permit the plaintiff to prove and put in evidence a certain receipt which had been prepared for plaintiff to sign. This is specifically charged as the evidence improperly rejected and no other statement about the admission or exclusion of evidence is found in the motion. The instructions complained of are specifically named by number, in the motion, but there were some given which are not mentioned.

Where there are highly specific allegations of error in the motion for new trial, and no general allegations to reach other alleged errors, the assignment of errors here must conform to the specific assignments made in the motion.

Of course had the motion for new trial charged that the court gave improper declarations of law for the defendant, this might have included all assignments here that could be gotten out of this general charge, but there is no such general charge in this motion for new trial, either as to evidence or instructions. This defect in the motion for new trial takes from our consideration all assignments of error here numbered from 9 to 14, inclusive, and at least a part of assignments 7 and 8.

When in a motion for new trial the party says to the court, You erred in refusing to admit this particular evidence, and upon the question of evidence says no more, then that is the only error to which the

trial court's attention has been called, and can be the only assignment of error here. So also as to instructions.

II. The record before us presents another singular aspect in the motion for new trial. It would appear that the plaintiff offered some seven instructions of which three were given. The other four were modified and given. As to how these instructions were modified plaintiff's motion for new trial says:

"10. Because the court erred in refusing to give instruction numbered 1, offered on the part of the plaintiff, in the condition it was in when offered, and thus compelling plaintiff's counsel to modify the same, as given."

The motion speaks in the same language as to the other three instructions. Now under this language of the motion what is the error charged to the trial court? As I take it the plain meaning of the language is that plaintiff tendered to the court these four instructions, and the court indicating that he would not give the same in that form, the plaintiff modified her own instructions and they were then given. The error charged is that the court compelled the plaintiff to modify her own instructions, not that the court modified them of its own motion and gave them as modified. In other words the act of modifying these instructions, as is stated in this motion, was the act of the plaintiff and not that of the court. True, it is said that the court compelled this action by refusing the instruction as tendered, but that will not do. Counsel should, if they desire to preserve a point, tender the instruction and if it is refused, save an exception, and if it be modified by the court and then given, save an exception to the modified instruction. But beyond all, in the motion for new trial he should have charged the act of modification as the act of the court, not the act of the plaintiff under compulsion of

the court. A court can't compel a plaintiff to modify an instruction.

The language of this motion would indicate that 'the plaintiff took the instructions tendered and changed and modified the same and then re-asked them. This would amount to a withdrawal of the original instructions and a tender of the modified instructions by the plaintiff. In that light the four assignments of error upon these four instructions must fall.

But even if we divide the assignment of error in the motion for new trial contained and say that it charges (1) that the court refused the instructions, and (2) that thereby the court compelled the plaintiff to modify them, how stands the point for review here? We might say that we could review the act of the court in refusing the four instructions, but we cannot review the act of the plaintiff in modifying her own instructions and having them given. Nor can we review a charge that the court modified the instructions, because there is no such charge in the motion for new trial. In other words, so far as the question here for review is concerned the modified instructions must be considered as plaintiff's instructions.

But conceding that we should review the act of the court in refusing the instructions in the form plaintiff offered them and before she modified them, let us see if there was error.

The charge is practically the same in all four instructions and goes to striking out a few words so as to make a proper connection to add a clause to this effect: "that defendant's servants knew or by the exercise of such diligence could have known that she was boarding the car." The diligence referred to had been defined to be the highest degree of care of a very careful and prudent person. Instruction No. 2 in each series is a fair sample and we give it first as asked and then as modified.

"2. The court instructs you that if you find from

the evidence that the plaintiff became a passenger on
one of the cars of the defendant, at the time and place
referred to in other instructions, then it became the
duty of the defendant to use and exercise that high
degree of care, caution and foresight for the safety of
the plaintiff that a very careful and prudent person
would use and exercise under like circumstances. And
if you find from the evidence that the plaintiff pro-
ceeded with reasonable diligence to board said car and
that, while she was in the act of boarding the same
*and before she had time to properly board it in safety,
the defendant's servants started said car and injured
plaintiff thereby; and if you find that defendant's ser-
vants started said car sooner than a very careful and
prudent person would have done under like circum-
stances,* then the defendant was negligent in said par-
ticular; and if you find that plaintiff was injured
through such negligence, if any, then your verdict will
be for the plaintiff.'"

This is instruction No. 2 as asked. As modified it
reads:

"2. The court instructs you that if you find from
the evidence that the plaintiff became a passenger on
one of the cars of the defendant at the time and place
referred to in other instructions, then it became the
duty of the defendant to use and exercise that high de-
gree of care, caution and foresight for the safety of
the plaintiff that a very careful and prudent person
would use and exercise under like circumstances. And
if you find from the evidence that the plaintiff pro-
ceeded with reasonable diligence to board said car and
that defendant's servants knew or by the exercise of
such diligence could have known that she was boarding
the same and that, while she was in the act of boarding
the same, the defendant's servants started said car and
injured plaintiff thereby; then the defendant was neg-
ligent in said particular; and if you find that plaintiff

was injured through such negligence, if any, then your verdict will be for the plaintiff.''

It will be observed that the modified instruction contains every element contained in the original, but there is injected therein the clause concerning the knowledge of the defendant's servants as to her boarding the car at the time. Under the motion for new trial this change in the instruction was made by plaintiff and it became her own act and of this she cannot complain. The modification was made and the instruction given and no charge is made in the motion that the modification was the act of the court, but to the contrary. If, then, this modified instruction contained all the features of the old instruction, with an additional feature placed therein by the plaintiff, there was no error in refusing it. Suppose the plaintiff had presented at the same time both instructions above set out, and the court had refused the first and given the second, we could not say there was error, because the latter included all the elements of the first and both were plaintiff's requests. It appearing from plaintiff's motion for new trial that the modification made to the instruction was made by plaintiff it was her instruction given by the court and included all the things contained in the one refused.

But a step further, whilst it is not necessary to pass upon the question, and we do not pass upon it for that reason, yet we are not so sure that, in view of the fact that defendant was contending that plaintiff was not at the place where she says she boarded the car, and was not a passenger at that time, this was not a proper instruction under the facts.

What has been said of instruction No. 2 applies with equal force as to the other three instructions on plaintiff's side of the case. That is, under the motion for new trial they are all plaintiff's instructions, of which she cannot complain, and if not plaintiff's instructions she has not in her motion charged as error

upon the part of the court the modification of such instructions. It is to the motion for new trial we must go for reviewable errors, and however great and glaring the error may be, as appears from other parts of the bill of exceptions, yet if the trial court's attention has not been again called to it in the motion for new trial it is not matter for consideration here. This disposes of the complaints as to plaintiff's instructions.

III. Plaintiff has much to say in her brief about the start of the car being the gravamen of the charge of negligence and that the suddenness and rapidity of the start were not of the essence of the charge. In other words that the suddenness and rapidity of the start were non-essential details. So far as the instructions given for the plaintiff are concerned, the suddenness and rapidity of the start are entirely eliminated, and the plaintiff by such instructions was permitted to recover if the jury found that the car was started and nothing said about suddenness or rapidity, the language used being, "while she was in the act of boarding the same, the defendant's servants started said car and injured plaintiff thereby; then the defendant was negligent in that particular."

So that as far as her instructions were concerned the much discussed question of the case is out.

IV. It is next urged that there was error in defendant's instruction numbered 2. This instruction tells the jury that the burden of proof is upon the plaintiff throughout the case to establish the negligence submitted in the instruction. The petition in this case rests upon specific negligence charged. It is not a general charge of negligence. Where the plaintiff, even though a passenger, specifies the negligence relied upon by her for recovery, the rule has always placed upon the plaintiff the duty to carry the burden and make her case by a preponderance of the evidence.

Practically the same instruction was under re-

view in Gardner v. Met. Street Ry. Co., recently hand-
ed down.   So similar are the two that the plaintiff
in this case cites the Gardner case, prior to its de-
cision, as authority on the point in hand.   In paragraph
eight in the Gardner opinion, WOODSON, J., overrules
the contention of counsel there, and his reasoning ap-
plies here, as do also the authorities by him cited.
There was no error in giving this instruction.

V.   It is next complained that defendant's instruc-
tion numbered 4 was wrongfully given, and for that
error the case should be reversed.   The first part of
the 'instruction simply recites, and truthfully recites,
the negligence pleaded in the petition.   A comparison
of the portion of the petition set out in the statement
with the instruction will show this fact.   The said in-
struction reads:

"You are further instructed that the only negli-
gence charged against the defendant in this case is
that while plaintiff was boarding a car at Fifteenth and
Troost avenue while the same was standing still said
car was negligently started forward rapidly and so
suddenly that the plaintiff was thereby thrown upon
one knee and injured, and that defendant knew or by
the use of reasonable diligence could have known that
plaintiff was in the act of boarding said car.   Now
the court instructs you that in this case the plaintiff
is limited to the charge of negligence as above specified
in this instruction, and no other acts or conduct of the
defendant, its agents, servants or employees, either of
commission or omission, are submitted to you for your
consideration, and you must not consider any other
acts or conduct of the defendant, its agents or employ-
ees.   If plaintiff has failed to prove to your satisfac-
tion by the greater weight of the credible evidence
in this case, that she received her injuries by the negli-
gence of defendant's servants as alleged, then she must

fail in her action and your verdict must be returned in favor of the defendant.''

This instruction, when analyzed, states three things, (1) the charges of plaintiff's petition, (2) that no other acts or conduct upon the part of defendant's servants would authorize a recovery, and (3) that if plaintiff failed by a preponderance of the proof to show that she received her injuries as alleged, she could not recover. To our mind this is a mere cautionary instruction, repeating to the jury plaintiff's charge of negligence, and charging them that they could not consider any other acts of negligence, and that she must make out her case upon the negligence charged and not otherwise.

In connection with number 4 given for defendant was number 5 for defendant, This instruction reads:

''The defendant is not liable in this case for any injury to plaintiff resulting from any cause or causes not specified in the foregoing instruction numbered 4 given for the defendant; and before the plaintiff can recover in this action, she must show with reasonable satisfaction to the jury, that the negligence specified in said instruction numbered 4 produced plaintiff's injury; and if all the facts and circumstances given in evidence leave it to mere conjecture as to whether said alleged and specified negligence was the direct and proximate cause of plaintiff's injury, then she must fail in this action, and your verdict must be for the defendant.''

Against the combined force of these two instructions the plaintiff urges that they prevented a recovery unless she had shown all three of the following facts: ''1st, that the car was started while she was in the act of boarding the same; 2nd, that it was started suddenly and rapidly; and 3rd, that respondent's servants knew, or by diligence could have known, that she was in the act of boarding.''

In the first place all of these things were in the petition. No attempt was made to amend the petition after the evidence was all in or upon the close of the plaintiff's evidence. Plaintiff could have amended her petition so as to have forced the defendant to confine its statement of the contents of the petition to any limit that she desired. [Black v. Railroad, 217 Mo. 672.] This she did not do. Whilst these instructions state the substance of her petition, yet as said before they appear upon the question of negligence rather to be for the purpose of keeping the jury from considering negligence other than that pleaded, than to force the jury to find every specific act pleaded.

But going further, plaintiff's instructions given contained the third objection above quoted, and under the peculiar language of the motion for new trial we have held them to be her instructions or instructions given at her instance. As to the second objection urged by the plaintiff in the quotation above, the plaintiff testified both ways upon the question of suddenness and rapidity. In one place she says:

"Q. Well, then you stepped up with your right foot? A. Yes, sir. Yes, on to the step.

"Q. And the car, you say, started suddenly and rapidly? A. It started.

"Q. Well, you said suddenly and rapidly? A. Well, it started sudden enough to throw me off. No, I did not hear the overhead or safety stop above the motorman's head blow out with a loud report. That did not happen.

"Q. The car, in other words, just shot forward across, rapidly across the other crossings? A. I didn't say it shot rapidly.

"Q. Well, you plead it. The papers show it; that is your petition. A. I say it started rapidly enough to throw me off."

Further she said when being pressed as to what she said in her deposition previously taken, that she

had therein stated that the car started as usual and that such was the truth, but she in this connection also adds: "Yes, sir, it usually starts rapidly enough to throw one." So that under the evidence, there is nothing specially wrong in the instructions criticised. We hardly think these instructions harmed the plaintiff. Other complaints as to instructions have been examined, but are not such as to require notice.

VI. As stated, there is but one objection to the failure of the court in admitting and rejecting evidence. From the evidence it appears that the aunt of the plaintiff went to the Metropolitan office to make a claim for the broken china. This was a week or ten days after the accident. She says that she then told them that plaintiff had hurt her knee. Some time after this a claim agent took out a release to be signed by the plaintiff but she refused to sign it. The blank release was not offered, because counsel for defendant said they did not keep such papers. Plaintiff sought to prove the contents and the court excluded it, and we think properly so. It was an instrument prepared in the course of an attempt to compromise and settle a claim, and for that reason if no other, it was properly rejected.

The jury heard the testimony of plaintiff. Her demeanor upon the stand was no doubt considered by them.

The character of her alleged injury (tuberculosis of the knee) was described to them. They likewise could note that no complaint was made by plaintiff at the time, nor for a long time thereafter. Proof was quite strong that she was not a passenger at all, and never attempted to board a car at the time and place of the accident.

The learned trial judge (now deceased) saw and heard these witnesses, as well as the plaintiff, and he saw fit to permit the verdict to stand. Our examination of the record does not convince us that there has

been such error as will authorize a reversal of this judgment, and we feel all the more satisfied in so saying, for we have examined even the questions that we were precluded from considering by reason of the defective motion for new trial.

Let the judgment be affirmed.    All concur.