LEAH STOLOVEY, Appellant, v. FRED FLEMING and FRANCIS M. WILSON, Receivers of Kansas City Railways Company.—8 S. W. (2d) 832.

Division One, July 10, 1928.

*Trusty & Pugh* for appellant.

*Charles L. Carr* and *Louis R. Weiss* for respondents.

ATWOOD, P. J.—This is an action for personal injuries alleged to have been sustained by Leah Stolovey while she was endeavoring to board a street car in Kansas City, Missouri. The jury returned a verdict for defendants and from the judgment entered thereon plaintiff has appealed, assigning error in the giving of certain instructions. The first instruction complained of is number 3, given at the request of defendants, as follows:

"The court instructs the jury that the burden of proof is on the plaintiff to prove to your satisfaction by the preponderance or greater weight of the credible testimony that the defendants are guilty of negligence as submitted to you in the court's instructions, and this burden of proof continues and abides with plaintiff throughout the entire trial; and unless you believe and find from the evidence in the case that plaintiff has proven to your reasonable satisfaction by a preponderance of the credible testimony that the defendants are guilty of negligence as defined and submitted to you in the instructions of the court, and that such negligence was the direct and proximate cause of plaintiff's injuries, if any, then your verdict must be for the defendants."

Appellant asserts that "the petition is based on the *res ipsa loquitur* doctrine, and such an instruction has no place in a *res ipsa loquitur* case," citing Price v. Met. Street Ry., 220 Mo. 435, and other cases. Respondents insist that plaintiff's allegation of negligence is specific and not general, that this is therefore not a *res ipsa loquitur* case, but that whether it is or is not the foregoing instruction was properly given. According to appellant's abstract of the record plaintiff's allegation of defendants' negligence

was that "she was thrown and injured by the carelessness and negligence of defendants' operators in charge of said car in starting the car while the plaintiff had one foot upon the step and trying to get thereon as a passenger." Appellant says this is a general charge of negligence, while respondents say that it is specific. In Bergfeld v. K. C. Rys. Co., 285 Mo. 1. c. 665, we said: "In order to allege specific negligence, as said in the Price case, there must not only be an averment as to the particular servants whose negligence is complained of, but it must also be pointed out wherein they, or either of them, have been negligent." The pleading before us not only contains "an averment of the particular servants whose negligence is complained of," but it specifically points out wherein these servants were negligent, to-wit, "in starting the car while the plaintiff had one foot upon the step and trying to get thereon as a passenger." We are unable to conceive of a more definite and specific allegation of negligence and certainly such pleading does not bring the case within the doctrine of *res ipsa loquitur.* Consequently, cases cited by appellant in support of her claim that an instruction such as the above "has no place in a *res ipsa loquitur* case," are inapplicable here.

Appellant also says that instruction number 3 fails to define the term "preponderance of the credible testimony," citing Head v. Leming Lumber Co., 281 S. W. 1. c. 444, where failure to define "preponderance of the evidence" is criticised though not held to be reversible error. The term "preponderance of the evidence" is defined in given instruction number 4. Appellant further complains that too great a burden was placed on plaintiff by the use of the term "to your reasonable satisfaction," citing Krause v. Spurgeon, 256 S. W. 1. c. 1074. The expression here used is not the same as that found in the case cited. The word "reasonable" does not appear in the instruction criticised in the Krause case. We find no reversible error in the giving of instruction number 3.

Appellant next attacks instruction number 1, which is as follows: "The Court instructs you that it is your duty, in considering the evidence, deliberating upon and determining the facts in this case, to first decide upon the question as to whether, under all the facts and circumstances, there is or is not any negligence upon the part of defendants' agent or agents, servants and employees, as defined to you by other instructions. Until this question of negligence has been determined by you, you have no right to take into consideration the nature, character or extent of the alleged injuries to plaintiff, or the amount, if any, that the plaintiff is entitled to recover, because of such injuries. If the plaintiff is not entitled to recover, that is, if she has not shown to your reasonable satisfaction by the greater weight of the credible testimony upon the question of negligence that she should recover at your hands, then you should not and must

not in your deliberations at all consider to what extent, if any, she has been injured.

"Neither passion, prejudice nor sympathy should influence you in any manner in deciding this case; for it is your sworn duty to try this case and decide it according to the evidence and instructions."

Appellant says the above instruction is a lecture to the jury, citing Unterlachner v. Wells, 278 S. W. l. c. 83. It is to some extent subject to this criticism, although in the case cited this fault alone was not held to be reversible error. Of more consequence is the next objection that "it cautioned the jury not to consider the character of the plaintiff's injuries in considering the negligence and liability of the defendant, when the very proof of her injuries would tend to convince the jury that she was caused to fall the way she said she did." The first sentence of the instruction properly enough tells the jury that they should decide the question as to whether or not there was any negligence on the part of the defendants "under all the facts and circumstances." This broad scope of investigation, however, is immediately circumscribed and limited by shutting out of their consideration "the nature, character or extent of the alleged injuries to plaintiff." In defending this instruction respondents say that it is a cautionary instruction the giving or refusal of which is largely within the discretion of the trial court, and that it was "requested and given for the sole purpose of removing (if possible) from the jury the temptation of giving weight to extraneous matters, such as passion, prejudice, sympathy and physical infirmities of the plaintiff." If such was the sole purpose why tell the jury that in determining the question of defendants' negligence they "have no right to take into consideration the nature, character or extent" of plaintiff's alleged injuries? Plaintiff introduced testimony to the effect that at the time she was injured she was trying to get on a street car headed south, and while she had her right hand on the middle bar and her right foot on the step, the car started and knocked her down in a northwesterly direction; that she struck the pavement; that her back, both elbows and her left hand were bruised and her head pained her thereafter. The nature, character and extent of these injuries were among the circumstances the jury had a right to consider in determining whether or not defendant was negligent. Respondents make much of the first sentence of this instruction which told the jury that they should determine this question "under all the facts and circumstances," and say that this provision distinguishes the instant case from Orris v. Railroad Co. (Mo. Sup.), 214 S. W. l. c. 126; Myers v. City of Independence, 189 S. W. (Mo. Sup.) l. c. 823; Walker v. Railroad Co., 178 S. W. (Mo. Sup.) l. c. 110; and Walker v. St. Joseph (K. C. Ct. App.), 231 S. W. 65, cited by appel-

lant. They are silent, however, as to the subsequent restriction which brings the instruction within the reason of the objections sustained in these cases. Because of the restriction so incorporated the giving of this instruction was reversible error, although we are not impressed with the soundness of other reasons urged against it.

Instruction number 4 was given at the request of defendants. It is as follows:

"The court instructs the jury that by 'a preponderance of the evidence' as used in these instructions, is meant the greater weight of all the credible evidence in the case. If the plaintiff has not the greater weight of the credible evidence with her or if the evidence is evenly balanced as to weight, then in neither of such events can the plaintiff recover and your verdict must be for the defendants."

It is generally urged that the above instruction "emphasizes the harmful elements in the other instructions of defendant." The only harmful element we have found in the given instructions is in instruction number one as above noted. As above instruction number four does not serve to emphasize this element we think the criticism is without merit. However, because of the error above noted in given instruction number 1 the judgment is reversed and the cause is remanded for a new trial. All concur.