MATTIE WHITE, Appellant, v. ST. LOUIS PUBLIC SERVICE CO., Respondent, No. 43364—259 S. W. (2d) 795.

Court en Banc, July 13, 1953.

*Sanford E. Wool* for appellant.

*Mattingly, Boas & Richards* and *Lloyd E. Boas* for respondent.

**114**

DALTON, J.—This cause reaches the writer on reassignment. It is an action for $4,000 damages for personal injuries alleged to have been sustained on account of defendant's negligence. Plaintiff fell and was injured while boarding one of defendant's busses as a fare-paying passenger. Verdict and judgment were for plaintiff for One Thousand One Hundred ($1100.00) Dollars, but the trial court sustained defendant's motion for a new trial and set the verdict and judgment aside on the ground of error in the giving of plaintiff's Instruction No. 1. Plaintiff appealed to the St. Louis Court of Appeals and that court reversed the order granting a new trial and ordered the verdict reinstated and judgment entered thereon. White v. St. Louis Public Service Co. (Mo. App.), 249 S.W. (2d) 498. The cause was, thereafter, transferred to this court and we shall determine the issues presented as if on original appeal to this court. Section 10, Article V, Constitution of Missouri 1945.

The petition charged that, on October 23, 1948, while one of defendant's busses had stopped or almost stopped at the southwest corner of Handley road and Delmar boulevard in the city of St. Louis for the purpose of permitting passengers to get on, the plaintiff attempted to enter the bus and was in the act of entering upon said bus for the purpose of becoming a passenger thereon when "said bus negligently started forward with a violent jerk, jar, and jolt in a very extraordinary, unusual, and unexpected manner, so that plaintiff was thrown forward onto the bus and sustained severe, painful, and permanent bodily injuries * * *."

The only evidence in support of the charge of negligence was plaintiff's own testimony. She testified that "on or about sometime in October, 1948" she came to Handley road and Delmar boulevard to catch one of defendant's busses. She was on the north side of the street when she saw the bus coming and she ran across to the south side and stepped upon the sidewalk. "The bus came along; it didn't come up to the sidewalk like it is supposed to do. * * * It stopped out in the middle ▮▮▮ of the street. * * * He opened the door; said 'Come on, Come on'; he is turning in. * * * I was ready to put my feet on (sic) and that is when he snatched me down. * * * I put this one foot up and started with the other one and that is when he snatched again. * * * That is when he pulled the bus up. He had never plumb stopped. * * * Q. He was going very slow? A. Yes. When I got up to put the other foot up,

that is when he snatched, snatched me down where he was. * * * When you say 'snatched up' the bus, you mean by that he jerked it up? A. Sure; pulled it up. * * * Q. When he pulled up the bus, or snatched it up as you say, what happened to you? A. Snatched me down. * * * It wasn't going fast; just going along slow you know. When I stepped up, then he pulled it up fast; that is what snatched me down. * * *I put my one foot on. I went to put the other. That is when it pulled up fast. * * * That is when it snatched it. * * * The snatch when it pulled that fast. That is what throwed me down. * * * The snatch is what throwed me down when it went off fast.'' Plaintiff ''fell up in the bus * * * on the steps'' and was injured. She got up, picked up a bundle of clothes she had had on her left arm, boarded the bus and paid her fare. In view of the issues presented, it is unnecessary to here review the evidence concerning the injuries sustained.

Plaintiff's Instruction No. 1 submitted her cause to the jury on general negligence under the res ipsa loquitur doctrine. The instruction stated the duties of a public carrier to its passengers and then conditioned a verdict for plaintiff upon a finding of negligence in that the bus started forward with a sudden, violent jerk or jar in an unusual manner, and that as a direct result thereof plaintiff was thrown forward into the bus and thereby injured. It told the jury that ''such facts (if you believe them to be true), are sufficient circumstantial evidence to warrant a finding by you that the defendant did not exercise the highest degree of care for plaintiff's safety and was thereby negligent * * *,'' unless the jury believed and found the occurrence was not due to the defendant's negligence.

The trial court granted the new trial to defendant on the ground stated in paragraph 10a of the motion for a new trial, to wit, that Instruction No. 1 was erroneous ''for the reason that said instruction does not properly hypothesize the evidence inasmuch as said instruction requires a finding that *the bus started forward,* whereas, the evidence was to the effect that *the bus never stopped* but continued in motion at all times.'' (Italics ours).

Appellant contends that the instruction is not erroneous in hypothesizing the evidence by reason of the phrase, ''started forward with a sudden, violent jerk'' contained in the instruction, since it does not mean that the defendant's bus was standing still at the time plaintiff boarded it; and, regardless of whether the bus was standing still or moving slowly, the bus started forward with a jerk in an extraordinary, unusual, and unexpected manner causing plaintiff to be thrown down and injured. Ridenhour v. K. C. Cable R. Co., 102 Mo. 270, 283, 13 S.W. 889; Williams v. St. L. Public Service Co., 363 Mo. 625, 253 S.W. (2d) 97, 99.

Respondent has made no attempt to support the action of the trial court in holding the instruction erroneous for the reason stated in

116

the trial court's order. In effect respondent concedes the court's order cannot be sustained on the ground stated therein. Respondent now argues that the instruction is erroneous for two entirely different reasons, to wit, (1) that there was no evidence to warrant the submission of the question of a sudden, unusual, and violent jerk or jar of the bus; and (2) that plaintiff's own evidence showed precisely what had caused her injury and thereby deprived her of the right to submit the case upon the theory of res ipsa loquitur. Respondent argues that the trial court properly sustained defendant's motion for a new trial because Instructions 1, 6, and 11 are prejudicially erroneous.

The St. Louis Court of Appeals held that the defendant in its motion for a new trial had elected to attack Instruction No. 1 with particularity and had confined its criticism ▆▆▆ to a single matter; that the award of a new trial could not be sustained upon the specific ground set forth in the motion for a new trial and in the trial court's order; and that the defendant (respondent) was not entitled, on appeal, to support the trial court's order upon any other grounds of error with reference to said instruction, but could urge any other matter preserved in the motion which might constitute good reason for affirming the order.

Defendant's motion for a new trial, however, contained the following assignment "10. Because the Court erred in giving and reading to the jury erroneous, misleading, illegal and prejudicial instructions asked by plaintiff and erred in giving each and every instruction given on behalf of plaintiff, particularly the following." (Instructions Nos. 1 and 11 were then referred to and specific complaint made thereof).

▆▆ It is well settled that a party to whom a new trial has been granted is not bound by the specific ground mentioned in the trial court's order granting the new trial, but may urge in support of the order any other points properly preserved by the assignments contained in the motion for a new trial. Ridenour v. Duncan, (Mo. Sup.), 246 S.W. (2d) 765, 767(2); Schroeder v. Rawlings, 344 Mo. 630, 127 S.W. (2d) 678, 683; Sakowski v. Baird, 334 Mo. 951, 69 S.W. (2d) 649, 651. Since defendant's motion for a new trial contained a general charge of error with reference to each and every instruction given on behalf of plaintiff, Instruction No. 1 may now be assailed in this court on any specific ground of error whether specifically stated in the motion or not. Stid v. Mo. Pac. R. Co., 236 Mo. 382, 397; 139 S.W. 172; Wampler v. A. T. & S. F. R. Co., 269 Mo. 464, 481 (4), 190 S.W. 908; Supreme Court Rule 3.23. In the Stid case, appellant's brief complained of an instruction on specific grounds, but the opinion pointed out that the motion for new trial therein contained an assignment that the trial court had erred "in giving each of the instructions given at the request of the

plaintiff,'' and held that general assignments in the motion for new trial made the instructions for plaintiff subject to review on appeal ''for all points and purposes.'' In the Wampler case the court en banc said: ''To those of us who have grown gray in the practice and administration of the law, it has always been deemed sufficient to make a general assignment of error in a motion for new trial both as to the reception and exclusion of evidence, and the giving and refusal of instructions.''

Of course, if the motion for a new trial had contained no general charge of error with reference to the instruction, we would have a very different question. Sterrett v. Met. St. Ry. Co., 225 Mo. 99, 105 123 S.W. 877; Block v. Rackers (Mo. Sup.), 256 S.W. (2d) 760, 763(3).

█ In determining the validity of the several complaints now presented against Instruction No. 1 in an effort to sustain the court's order granting a new trial, it should be noted that defendant did not move for a directed verdict at the close of all the evidence. Such a motion was presented and overruled earlier, but thereafter the case was reopened, both sides presented additional evidence and the motion was not renewed. Further, respondent now admits that plaintiff made out a submissible case for the jury, as follows: ''We think that the evidence in this case does make a submissible case of specific negligence on the part of the operator. At least the jury could find, on the testimony of plaintiff, that the bus operator failed to exercise the highest degree of care in speeding up the bus while plaintiff was attempting to board it while it was moving slowly.''

█ In support of its first ground of error as to Instruction No. 1, respondent argues that ''there was not a single word of testimony from which it could be found that there was any sudden violent jerk or jar which was unusual'' and, therefore, that there is no evidence to support the submission. Respondent says the fact that the operator increased the speed of the bus while plaintiff was attempting to board it is not such an unusual occurrence as will give rise to the application of the res ipsa loquitur doctrine.

█ We think the evidence was sufficient to show a sudden, unusual and unexpected happening, to wit, a sudden movement of the bus of such character and of such force as to throw plaintiff down and injure her; and that the evidence was sufficient for the jury to infer and find that it was occasioned by some negligence of the defendant. The decisive question is whether plaintiff's own evidence, by which she is bound, showed exactly what specific negligence of the defendant caused her injury, so as to deprive her of the right to submit her case upon the theory of res ipsa loquitur. As stated, respondent admits that there was evidence from which the jury could infer and find specific negligence. However, such fact, if it be fact, was not sufficient to bar plaintiff from a res ipsa loquitur submission, unless plaintiff's evidence

was sufficient to clearly show the specific negligence which caused her injury.

The rule is well stated in Belding v. St. Louis Public Service Co., 358 Mo. 491, 215 S.W. (2d) 506, 510, as follows: "* * * when the plaintiff, having pleaded a case of res ipsa loquitur, goes so far in his own evidence as to point out, and reveal his knowledge of, the specific act of negligence which was responsible for his injury, there is neither room nor necessity for the application of the doctrine. But on the other hand, even though the plaintiff's evidence may tend to show the specific cause of the accident, he will nevertheless not lose the benefit of the doctrine, nor be deprived of the right to rely upon it in the submission of his case, if, after his evidence is in, 'the true cause is still left in doubt or is not clearly shown.' " And see Conduitt v. Trenton Gas & Electric Co., 326 Mo. 133, 31 S.W. (2d) 21, 25; Williams v. St. Louis Public Service Co., supra, 253 S.W. (2d) 97, 100.

In the Williams case the court further considered the matter of permissible inferences from the evidence as affecting the right to submit a cause under the res ipsa loquitur doctrine. The court said: "Appellant further argues that if the evidence would support a verdict for plaintiff based upon any specific negligence *which could be inferred* from the plaintiff's evidence without the aid of the res ipsa loquitur doctrine, the cause cannot be submitted upon general negligence under such doctrine. Appellant insists that, if the evidence is sufficient to make out a submissible issue or prima facie case as to any specific negligence of the defendant which may have been the proximate cause of his injury, the cause may not be submitted under the res ipsa loquitur doctrine. Such is not the rule in this state. * * * The pleadings and evidence may be such that a cause may be submitted on either general or specific negligence at plaintiff's election. Submission under the res ipsa loquitur doctrine may not be denied, unless specific negligence, the real or precise cause is definitely shown by direct evidence." (253 S.W. (2d) 97, 101-102).

Respondent, however, further argues that plaintiff's testimony shows that the "speeding up" and the movement of the bus was occasioned by the *acts* of the *operator* of the bus to whom plaintiff referred; that specific negligence of a specific servant of defendant was shown; and that "it was prejudicial error to submit the case generally."

After a careful review of plaintiff's testimony, as hereinbefore set out, we have reached the conclusion that the specific negligence causing plaintiff's fall and injury remains in doubt and is not clearly shown by plaintiff's testimony; that the facts shown were insufficient to bar the submission of the cause under the res ipsa loquitur doctrine, since plaintiff testified to conclusions and results and not as to specific facts, acts or conduct of the bus operator in causing the movement in ques-

tion; that the case is governed by the case of Williams v. St. Louis Public Service Co., supra; and that the court did not err in giving Instruction No. 1.

Respondent further insists that Instructions Nos. 6 and 11 are prejudicially erroneous; and that the order of the trial court granting a new trial may be sustained on the ground that the court erred in giving these instructions. We have examined the instructions and respondent's contentions with reference thereto and the authorities cited and have reached the conclusion ▮▮▮▮ that the instructions are not erroneous. We approve and adopt by reference that part of the opinion of the St. Louis Court of Appeals holding that the court did not err in giving these instructions. White v. St. Louis Public Service Co. (Mo. App.), 249 S.W. (2d) 498, 501-502. An instruction somewhat similar to Instruction No. 6 has since been approved in the case of Williams v. St. Louis Public Service Co., supra, 253 S.W. (2d) 99, 102.

The order of the circuit court sustaining defendant's motion for a new trial should be reversed and the cause remanded with directions to reinstate the verdict of the jury and to render judgment thereon. It is so ordered. All concur except *Ellison, J.*, who dissents in separate opinion.

ELLISON, J. (dissenting).—I respectfully dissent from the holding in the principal opinion that the specific negligence causing the plaintiff-appellant's fall and injury remains in doubt and is not clearly shown by her testimony—in consequence of which the case was properly submitted under the res ipsa loquitur doctrine. The opinion says the plaintiff-appellant testified to conclusions and results, and not to specific facts.

The ruling is based on Belding v. St. Louis Public Service Co., 358 Mo. 491, 497, 215 S.W. (2d) 506, 510 (6, 7), which says "* * * when the plaintiff, having pleaded a case of res ipsa loquitur, goes so far in his own evidence as to point out, and reveal his knowledge of, the specific act of negligence which was responsible for his injury, there is neither room nor necessity for the application of the doctrine. But on the other hand, even though the plaintiff's evidence may tend to show the specific cause of the accident, he will nevertheless not lose the benefit of the doctrine, nor be deprived of the right to rely upon it in the submission of his case, if, after his evidence is in, 'the true cause is still left in doubt or is not clearly shown.' "

The plaintiff-appellant and her physician were the only witnesses in her behalf. She testified she went to a designated street intersection to board the bus. She stepped up on the sidewalk, but the bus didn't come that far like it was supposed to do. It stopped out in the middle of the street. When he [the bus driver] stopped there he opened the door and said "Come on, come on," that he was "turning in." She was ready to put her feet on and that is when he "snatched

me down." Later she explained that when she said he "snatched up" the bus she meant he jerked it up, pulled it up.

Continuing, she said she was carrying a bundle of clothes in her left arm. She had "just put this one foot up and started with the other one and that is when he snatched again." She had put her right foot on and started to put her left foot on and "That is when he pulled the bus up. He had never just plumb stopped." He was going very slow, and when she got up to put the other foot on "that is when he snatched, snatched me down where he was." On cross-examination she conceded the bus never did "plumb stop" and that she got on it while it was still moving. Her explanation of that was that the bus driver told her to come on, that he was turning in.

The only thing about her testimony that was vague was her use of the expression that the bus driver "snatched up" or "pulled up" the bus. But even as to that she explained that when she said he snatched it up she meant he jerked it up or pulled it up. This, it seems to me, is a specific and definite charge of specific negligence committed by the respondent Public Service Company's bus operator which was the cause of her injury. There are many decisions holding that when the specific negligence of the defendant's agent or servant is known to and proven by the plaintiff, or his witnesses, there is no room for the application of the doctrine of res ipsa loquitur.

In Conduitt v. Trenton Gas & Elec. Co., 326 Mo. 133, 142-3 (3, 4), 31 S.W. (2d) 21, 25 (4, 5), the plaintiff turned off an electric light in her home and received a shock. At the trial she proved the specific cause of her injury, the breaking of the limb of a tree which fell across an electric wire causing a short circuit in the wire to the light. It was ruled she was bound by this specific proof notwithstanding she sued under the doctrine of res ipsa loquitur.

In Stolovey v. Fleming, 328 Mo. 623, 624-5, 8 SW. (2d) 832, the plaintiff's petition alleged she "was thrown and injured by the carelessness and negligence of defendants' operators in charge of said (street) car in starting the car while the plaintiff had one foot upon the step and was trying to get thereon as a passenger"—practically the identical charge made by appellant's testimony here. The plaintiff-appellant there contended the charge was one of general negligence under the doctrine of res ipsa loquitur. This court held it was specific and not general, and that the res ipsa loquitur doctrine did not apply to the case.

In Powell v. St. J. Ry. L.H. & P. Co., 336 Mo. 1016, 1021(4), 81 SW. (2d) 957, 960(6) this court said: "The res ipsa loquitur rule aids the injured party who does not know and therefore cannot plead or adduce proof showing the specific cause of or how the event which resulted in his injury occurred, but if he knows how it came to happen, and just what caused it, and either specifically pleads or proves the

cause, there is neither room nor necessity for the presumption or inference which the rule affords.''

The principal opinion cites and quotes the following from Belding v. St.L. Pub.Serv.Co., 358 Mo. 491, 497, 215 SW. (2d) 506, 510: ''* * * when the plaintiff, having pleaded a case of res ipsa loquitur, goes so far in his own evidence *as to point out, and reveal his knowledge of, the specific act of negligence which was responsible for his injury, there is neither room nor necessity for the application of the doctrine.* But on the other hand, even though the plaintiff's evidence may tend to show the specific cause of the accident, he will nevertheless not lose the benefit of the doctrine, nor be deprived of the right to rely upon it in the submission of his case, if, after his evidence is in, *'the true cause is still left in doubt or is not clearly shown.'* '' [Emphasis ours].

But in this case the true cause of the casualty was shown by the plaintiff-appellant herself. She said the bus driver told her to get on the bus while it was still moving, and then accelerated its speed. We do not say that failed to make a case for the jury in her behalf, but it was a *specific* negligence case and not a *res ipsa loquitur case,* on which theory her suit was brought. And as held in the Conduitt, Stolovey and Powell cases cited above she cannot recover on the latter theory when her suit was brought on the former. See also: Palmer v. Brooks, 350 Mo. 1055, 1061(1), 169 SW. (2d) 906, 909(4, 5); Charlton v. Lovelace, 351 Mo. 364, 369-372, 173 SW.(2d) 13, 16-18; Hoeller v. St.L. Pub. Serv. Co. (Mo.App.) 199 SW. (2d) 7, 11-12(11); Fuller v. St.L. Pub. Serv. Co. (Mo.App.) 245 SW.(2d) 675, 677 (1, 2); Lukitsch v. St. L. Pub. Serv. Co., 362 Mo.1071, 1078 (1), 246 SW. (2d) 749, 752 (3, 4).

In my opinion the order of the trial court sustaining the defendant-respondent's motion for new trial should be affirmed.