## FELLOWS

v.

## KANSAS CITY PUBLIC SERVICE CO.

No. 21991.

Kansas City Court of Appeals.

Missouri.

June 7, 1954.

Charles L. Carr and Frank J. Rogers, Kansas City, for appellant.

Reed & Ingraham, Joe E. Burris and Burr S. Stottle, Kansas City, for respondent.

SPERRY, Commissioner.

Plaintiff sued defendant for damages due to injuries alleged to have been sustained by her when she was negligently caused to fall from defendant's bus while alighting therefrom. From a verdict in the amount of $5,338, defendant appeals.

The gist of plaintiff's petition is that she, a fare paying passenger on defendant's bus, was alighting therefrom at its usual stopping place, while same was stopped, when the bus moved forward, causing her to be thrown violently to the ground and to suffer severe injuries. Her case was submitted on the *res ipsa loquitur* theory.

Defendant, at no time, moved for a directed verdict; and defendant does not, on this appeal, contend that a submissible case was not made.

Defendant's chief complaint is of error in plaintiff's Instruction IV. That instruction is as follows:

"As to the issue burden of proof and its being upon plaintiff throughout the trial, you are instructed that if you find and believe from the greater weight of the credible evidence the facts to be as submitted in Instruction No. I, then the plaintiff has met and carried the burden of proof required of her under the law and under the instructions."

Instruction III, given at the instance of defendant, is as follows:

"The Court instructs the jury that the burden of proof is upon the plaintiff to prove her cause by a preponderance, that is, the greater weight, of the credible evidence.

"If you believe that plaintiff has not met this burden, or that the evidence is evenly

balanced, then your verdict must be against plaintiff and in favor of the defendant."

Plaintiff's Instruction IV was intended to be explanatory and definitive of defendant's Instruction III, but defendant says it conflicts therewith. Defendant contends that plaintiff is thereby permitted to recover without being obligated to prove the *extent* of her injuries by a preponderance of, or the greater weight of the credible evidence.

By plaintiff's Instruction No. I the jury was directed:

" * * * and if you further find that while said bus was standing still, * * * plaintiff proceeded to alight therefrom * * * and was in the act of stepping from and off of said bus * * * the defendant's agent and servant * * * negligently caused and permitted it to jerk and move forward, * * * causing plaintiff to be thrown therefrom and that plaintiff was thereby injured as a direct result thereof, if so, then your verdict will be for the plaintiff and against the defendant."

By Instruction IV, the jury was told that, before finding a verdict for plaintiff, it must find *from the greater weight* of the credible evidence that defendant negligently caused the bus to jerk and move forward, throwing plaintiff therefrom, and that she was injured as a direct result thereof.

Defendant concedes that such instruction has been held to be good in numerous decisions but, it argues, it was not urged in those cases, as it is urged here, that plaintiff is not only required to prove the bare constitutive facts of his case, that is, negligence, proximate cause, and injury, by a preponderance of the evidence, but is also required to so prove the full extent of the injuries for which recovery is sought or permitted. Defendant does not contend that the instruction is erroneous, insofar as it relates to a "submissible" case, but it says that plaintiff should also have been required to prove the *extent* of her injuries by the greater weight of the evidence; that, by defendant's Instruction III this was required but, under Instruction IV it was not re-

quired; and that, therefore, Instructions III and IV conflict.

Plaintiff cites a large number of cases wherein instructions virtually identical to that here involved were considered and approved. Two such decisions are Williams v. St. Louis Public Service Company, Mo.Sup., 253 S.W.2d 97, 103, and White v. St. Louis Public Service Company, Mo. Sup., 259 S.W.2d 795, 800. Both are *en banc.*

A similar instruction was approved in Venditti v. St. Louis Public Service Company, 362 Mo. 339, 240 S.W.2d 921. It was criticised on the grounds that it required the jury to find only the *facts* hypothesized in Instruction I, and not the *issue* of negligence, and because it was inconsistent with defendant's burden of proof instruction. The court, speaking through Dew, Special Judge, said, 240 S.W.2d loc.cit. 927:

"We hold that 'the facts as submitted to you' in plaintiff's Instruction 2 included all matters therein required to be determined by the jury as prerequisite to a verdict for the plaintiff, including the defendant's negligence, proximate cause and resulting injuries, and did not shift the burden of proof, assume the existence of any fact or circumstance in evidence, or conflict with defendant's Instruction 3."

What was there said was approved in Williams v. St. Louis Public Service Company, supra. This court cannot now say that the instruction is defective, for the Supreme Court said that it "included *all* matters therein required to be determined by the jury as prerequisite to a verdict for the plaintiff, *including* * * * *resulting injuries* * * *." (Emphasis ours.)

Result is "That which results, as a consequence, effect, issue, or conclusion; * * *." Webster's New International Dictionary, 2d Ed. The same authority defines "Injured" as "damaged." "Injured. The participial adjective, or past tense, has been defined as meaning damaged; and always implies a result, rather than a cause." 43 C.J.S., Injure, p. 1109.

The court therefore said, in effect, that the jury was required to find the "result", the extent, of the injuries.

■ An instruction almost identical to No. IV is recommended by Trusty in his book on Instructions. It has been given and approved in a large number of cases and the courts have consistently overruled the contention that it conflicts with standard burden of proof instructions given on behalf of defendants. We are bound by those decisions. Williams v. St. Louis Public Service Company, Mo.App., 245 S.W.2d 659, 663.

Defendant says plaintiff's measure of damage Instruction No. 2 is erroneous because, (a) it permits recovery for loss of wages, both past and future without substantial evidence thereof, and (b) permits the jury to consider loss of wages, nature of injuries and earning capacity beyond and after the occurrence, which authorizes double compensation.

■ Regarding contention (a), there was testimony to the effect that: for five years preceding the accident plaintiff worked six days per week, cleaning houses, washing, ironing, waxing, etc.; that she earned $5 per day; that she had never previously suffered an injury or serious illness; that she was 40 years of age when the accident occurred; that because of injuries received in the accident (a sacroiliac sprain) she was unable to do virtually any work for a period of a year and during the last two years before the trial had been able to work but one day a week, and some weeks she could do no work; and that her disability continued at the time of trial, and is permanent. The point is without merit.

■ The instruction permitted and limited assessment of damages to the following items: pain and suffering, past and future; loss of earnings, past and future; medical expense. There is no "overlapping" among those elements. Defendant cites Murphy v. St. Louis Public Service Company, 362 Mo. 772, 244 S.W.2d 31, 36. But the instruction there condemned permitted recovery for impairment of earning capacity *and* permanent injuries, as separate elements of damage. The instruction in the instant case merely permits the jury to take into consideration the nature of plaintiff's injuries, her age, her life expectancy and her earning capacity before and after injury, in arriving at the verdict. The decision is not in point. Contention (b) must be disallowed.

■ It is urged that the verdict is excessive. There was evidence from which the jury could have found that plaintiff had lost wages, because of her injuries, during the three years after the accident, and prior to the trial, of more than $4,000; that she has paid out $338 for medical care; that she constantly suffered pain, even when she sits, and was so suffering at the trial; and that her condition of disability and suffering would continue. We cannot say that the verdict is excessive.

The judgment should be affirmed.

BOUR, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.