**Leonard E. MARTIN and Liberty Mutual Insurance Company, Appellants,**

v.

**HOTEL KANSAS CITIAN, INC., Respondent.**

**No. KCD 26964.**

Missouri Court of Appeals, Kansas City District.

Dec. 2, 1974.

Robert E. Steward and Gary C. Clifton, Kansas City, for appellant, Leonard Martin.

Lloyd Hamrick, Kansas City, for appellant, Liberty Mut. Ins. Co.

Don Roberson, Kansas City, for respondent; Shughart, Thomson & Kilroy, Kansas City, of counsel.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

PRITCHARD, Presiding Judge.

Plaintiff, Martin, sued the Hotel Kansas Citian, Inc., for personal injuries alleged to be the result of its negligence in permitting a loose tile in the bathroom to exist which fell upon Martin's foot in turn causing him to fall and injure his back. Martin had made claim against his employer's insurer, Liberty Mutual Insurance Company, for workmen's compensation benefits, which it alleged were paid for in weekly benefits in the amount of $5,748.00, and medical treatment expense in the amount of $2,332.08. By its intervening petition, Liberty Mutual sought recovery of those amounts under its subrogation rights in the event of recovery by Martin against the Hotel.

The verdict of the jury was against Martin and he and Liberty Mutual seek reversal of the judgment and a new trial solely upon the grounds, first, that the Hotel's counsel "made certain misstatements in his opening remarks namely that he implied that there was a collusive settlement of a Workmen's Compensation claim between" Martin and Liberty Mutual. As to the first ground, the record shows that counsel for the Hotel told the jury this in opening statement:

"MR. ROBERSON: Ladies and gentlemen of the jury, as you have been told in Court's Instruction No. 1, and by the attorneys, nothing any attorney says in this case is evidence. * * *"

Then follows counsel's statement that Martin was the plaintiff; that Liberty Mutual was the insurer of Workmen's Compensation coverage for Martin's employer, and had been previous to October 15, 1968, when Martin had claims for injuries arising from the course and scope of his employment, and again later, the injuries being successively to the right and left hips; the later injury being 3 or 4 months before the Hotel incident; and that Liberty Mutual was asking for a verdict for the amounts it had paid Martin and for his medical expense. Then counsel further told the jury:

"Now, the evidence will be that when this incident at the hotel took place Liberty Mutual was in the situation of having to pay compensation to Mr. Martin for that accident when he stepped off the truck and injured himself, and was off work, and under the facts of that particular accident they had no one to look to for—to ask for reimbursement, but then comes the hotel accident, and when that happened, the plaintiff was making claim for low back injury, and the evidence will show that previous to the hotel incident there was already medical information being gathered on Mr. Martin's condition, and how it would relate and be causative of his present condition before he ever got to the Hotel Kansas Citian.

"Now, there was a dispute between Liberty Mutual and Mr. Martin as to the nature and extent of injuries and claims therefor, but they got together and settled—Liberty Mutual did, and Mr. Martin, and Mr. Martin's attorneys, and —the evidence will show that Liberty Mutual could turn now, and as they are doing now,—'We can make a claim against Hotel Kansas Citian for everything we paid in regards to this man's

claims after the hotel incident,' whereas before, in the truck accident, they had nobody they could make any claim against, so they reached what you call a compromise settlement with Mr. Martin, and wrapped up everything in a very short time. Mr. Martin agreed, considered that that was good enough payment, and that covered present and unknown injuries or any consequences thereof, and he agreed to that."

Martin's objection was that counsel was attempting to give the jury the impression that some sort of a release or award under the Workmen's Compensation Act relieves the third party tort feasor, that he was arguing the law and stating it wrongly. Liberty Mutual's objection was merely that the opening statement was argumentative in nature.

■ The language of the opening statement is not clearly susceptible to the interpretation which plaintiffs seek to place upon it; i. e., that Martin and Liberty Mutual colluded to arrive at a settlement of Martin's workmen's compensation claim, and "Defendant's counsel implies that the benefits paid included injuries not only attributable to the accident in question but to a prior truck accident. He further implied it was speedily agreed to by the insurer so that it could saddle Hotel Kansas Citian for the full amounts paid."; and that "Martin had been compensated in full for the instant cause of action." The statement is equally susceptible of the meaning that Liberty Mutual's claim was for reimbursement of amounts paid to Martin and for his medical expenses for the Hotel incident only, under its clear right of subrogation. § 287.150, RSMo 1969, V.A.M.S. The evidence did show that there was a disputed claim and a compromise settlement thereof, approved by the referee of the Division of Workmen's Compensation. Martin's previous injuries were relevant to his present claim for damages which resulted from the Hotel's alleged negligence. The Hotel was entitled to show the relationship of the parties plaintiff and their interest in the outcome of the litigation. Counsel's opening statement was, however, lacking in clarity, and was argumentative, and therefore is not to be approved as a primary purpose of informing the jury what the evidence would be to aid it in following the course of the trial. Eddings v. Keller, 400 S.W.2d 164, 169 [4, 5] (Mo.1966).

■ As to their claim that counsel for the Hotel was in bad faith in making an opening statement which he knew would not be supported by the evidence, if plaintiffs were serious as to the contention, it would have become obvious at the close of all the evidence that no evidence had been introduced as to the matter. If there was prejudicial error, it was more readily correctable at that time by requesting the court to instruct the jury to disregard the matter, see Dees v. Skrainka Constr. Co., 320 Mo. 839, 8 S.W.2d 873 (1928), or a request of the court for a withdrawal instruction. The matter here was presented for the first time to the trial court in the motion for new trial after verdict. In any event, "[A]ny question of the good faith of counsel in mentioning it in the opening statement is for the discretion of the trial court." Kick v. Franklin, 345 Mo. 752, 137 S.W.2d 512, 516 [10, 12] (1939). See generally upon the question presented, 75 Am.Jur.2d Trial, § 208, p. 292; Anno. 118 A.L.R. 543. The trial court here by Instruction No. 1 told the jury that opening statements were not evidence. The prejudicial effect, if any, of the opening statement was for the trial court to determine, it being in a better position to judge the same than this court. Martin v. Sloan, 377 S.W.2d 252, 260 (Mo.1964). What has been said disposes of plaintiffs' further point that the court overruled their motions for new trial by reason of failure to prove Martin's failure to keep a lookout (a pleaded but unsubmitted ground of contributory negligence) inferentially referred to in Hotel counsel's opening statement. The contentions of plaintiffs in both respects are overruled.

The judgment is affirmed.

All concur.