JAMES RYAN, JR., v. HAZEL BURROW and VISITING NURSES ASSOCIATION OF ST. LOUIS, Appellants.—33 S. W. (2d) 928.

Division Two, December 20, 1930.

*Wilbur C. Schwartz* for appellants.

*Earl M. Pirkey* and *Milton F. Napier* for respondent.

COOLEY, C.—This case is here on the appeal of defendants from an order of the Circuit Court of the City of St. Louis sustaining plaintiff's motion for new trial after a verdict in favor of defendants. The trial court sustained plaintiff's said motion on the ground, stated in the record, that the court had erred in giving defendants' instruction numbered 4, hereinafter set out, and that ruling is the only question presented for review on this appeal. The amount involved, $25,000, gives us jurisdiction.

The suit was for personal injuries sustained by plaintiff in a collision between an automobile which plaintiff was driving and one being driven by defendant Hazel Burrow. Miss Burrow was an employee of her co-defendant and at the time was upon business of her employer. Plaintiff was a deputy constable and at the time

of the accident was pursuing another automobile in which he thought were stolen articles. The collision occurred on an east-and-west paved highway known as Clayton Road in St. Louis County. Plaintiff was going west, driving rapidly. Miss Burrow was going east. She had come up behind a heavily loaded truck which was proceeding slowly eastward and she had pulled out, or started to pull out, to her left to pass the truck. The paved part of the highway was about twenty feet wide and the truck occupied practically the south half thereof. At the time Miss Burrow started to pass the truck a westbound Ford car was stopping or had stopped on the north part of the pavement about opposite, perhaps slightly behind, the then position of the truck. Plaintiff had intended passing between that car and the truck, but when he discovered Miss Burrow's car emerging from behind the truck as she turned out to pass it, he realized that he could not do so without striking her car head on and he tried to stop, but was unable to do so in time to avoid the collision.

The testimony was conflicting as to how plaintiff's and Miss Burrow's cars struck each other. Plaintiff contended that Miss Burrow's car "ducked out right behind the truck diagonally across the road," and that the left front "corner" of it struck plaintiff's left front wheel, breaking it off, "and came right in through the door on the driver's side of the car." Miss Burrow testified that at the moment of collision she had already drawn up alongside the truck and that plaintiff attempted to swerve to his right and thereby broke his wheel and caused his car to tip over, and that as it tipped the rear part of plaintiff's car struck the left front part and fender of her car, but that the front of her car did not crash into or through the door of plaintiff's car.

Among plaintiff's injuries, which were severe, were a serious contusion on the left side of his head back of the ear, and two fractures of the skull on the left side of the head.

Instruction No. 4, given for defendants, was as follows:

"The court instructs the jury, that in considering the evidence, deliberating upon, and determining the facts in this case, it is your duty, first to decide upon the question as to whether under all the facts and circumstances in the evidence, there is, or is not, any liability on the part of the defendant, Hazel Burrow, in operating the automobile mentioned in the evidence as defined to you by these instructions.

"Until this question of liability has been determined by you, you have no right to take into consideration the nature, character or extent of the alleged injuries to the plaintiff, of the amount, if any, that the plaintiff is entitled to recover by reason of such injuries, if any. If the plaintiff is not entitled to recover, that is, if he has not shown to your reasonable satisfaction, by the greater

weight of the creditable testimony upon the question of liability, that he should recover at your hands, then you should not and must not in your deliberation, consider to what extent, if any, he has been injured. You should not be influenced by the nature and extent of plaintiff's injuries in deciding whether or not defendants are liable for said injuries as explained to you in these instructions. Neither passion, prejudice or sympathy should influence you in any manner in deciding this case, for it is your sworn duty to try this case and decide it according to the evidence and the instructions.''

Appellants, to sustain said instruction, cite two cases, Manthey v. Kellerman Contracting Co., 311 Mo. 147, 277 S. W. 927, and Aronovitz v. Arky (Mo.), 219 S. W. 620. Neither deals with an instruction similar to this. In the Manthey case the instruction told the jury that the mere fact that the plaintiff was injured was in itself no evidence that defendant had been guilty of negligence. Under the evidence therein it was held that the giving of the instruction was not error sustaining the order granting a new trial. In the Aronovitz case the instruction complained of told the jury in substance only that in considering their verdict they should not be governed by sympathy for the plaintiff, but only by the evidence and the instructions. It was held not erroneous. No case is cited, and we know of none approving an instruction similar to the one here involved.

A similar instruction was disapproved by Division One of this court in Unterlachner v. Wells, 278 S. W. 79, the court saying that it "was too much in the nature of a lecture to the jury as to duty to defendant and not to their duty upon the whole case," but that instruction was not further discussed. Errors were pointed out in other instructions, and the judgment was reversed because the instructions as a whole were highly prejudicial to the plaintiff and were "erroneous in the particulars pointed out;" so that it is not clear that the error in the instruction in question was regarded as reversible.

In Stolovey v. Fleming et al., 8 S. W. (2d) 832, Division One again had a similar instruction under consideration, the action being for personal injuries sustained by the plaintiff while endeavoring to board a street car. The defendants had prevailed below. On plaintiff's appeal the judgment was reversed and the cause remanded for error in giving that instruction. The court said the nature, character and extent of plaintiff's injuries in that case were circumstances which the jury had a right to consider in determining whether or not the defendants were negligent.

We think the same reasoning applies in this case. Defendant Burrow claimed she first saw plaintiff's car when it came in sight over a hill about 350 feet in front of her when she had already

turned out from behind the truck and was alongside it, unable either to forge ahead of it or drop behind it and get back on her own side of the road in time to avoid the collision; and, as above stated, that the front end of her car did not strike or crash through the side of plaintiff's car, as he contended. Plaintiff claimed that he was near the truck when Miss Burrow ''ducked out'' from behind it and struck the side of his car. The evidence was conflicting as to how the cars struck each other and as to the speed of plaintiff's car at the time. We are not prepared to say that the nature, character and extent of plaintiff's injuries were not circumstances which might be considered by the jury along with all other facts and circumstances in determining the issue of negligence. Nor do we think the trial court was authorized so to direct the jury, as it in effect did by that instruction.

· The foregoing considerations are sufficient in our judgment to condemn the instruction and to justify the action of the court in sustaining the motion for new trial. The court evidently concluded that the instruction had operated prejudicially to plaintiff. A few further observations, however, may not be inappropriate.

Under our system of jurisprudence it is the province and duty of the jurors, in law cases tried to a jury, to determine the facts. We think they should not be hampered in their deliberations by directions from the court telling them in what order they must consider the evidence and determine questions of fact submitted to them. It seems to us that such directions are calculated to embarrass and confuse rather than to aid and enlighten the jurors in considering and weighing the evidence and attempting to arrive at a correct determination of the facts. Suppose, for instance, that a witness has testified about the plaintiff's injuries and also to facts relating directly to the manner in which the accident under investigation occurred, and that his testimony as to the injuries appears to the jurors to be untrue or grossly inaccurate. That fact might in their judgment, if they are permitted to consider it, have influence in determining the weight and value of that witness's testimony as to how the accident occurred. They are instructed, however, that before they can consider the extent of plaintiff's injuries, if any, they must first determine ''the question of liability'' *from the testimony upon the question of liability*. If they conscientiously endeavor to obey the instruction would they feel at liberty to discuss and consider the witness's testimony relative to the injuries in determining what weight should be given to his testimony as to facts tending to show liability? And how can they know what testimony the court referred to in the instruction as bearing upon the question of liability? Other illustrations might be suggested. Since it is not the duty or the province of the court to analyze and weigh the evidence and determine

questions of fact submitted to the jury, it should not, ordinarily at least, attempt to direct the jurors how or in what sequence to proceed in their deliberations in the jury room in performing their function, but should leave them free to consider all the evidence in such way as to them seems best calculated to arrive at the truth.

The order of the circuit court should be affirmed and the cause remanded for new trial. It is so ordered. *Davis, C.,* concurs; *Westhues, C.,* not sitting.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All of the judges concur.