JOSEPH C. SCHROEDER, Appellant, v. ELLA G. RAWLINGS, Administratrix of the Estate of VIRGIL E. RAWLINGS.—155 S. W. (2d) 189.

Division One, October 30, 1941.

*Ford W. Thompson* for appellant.

*Clark M. Clifford* for respondent.

826

 HYDE, C.—This is an action for $10,000 damages for personal injuries. Verdict and judgment were for defendant and plaintiff has appealed.

This is the second appeal in this case. At the first trial, the jury likewise found for defendant. The trial court granted plaintiff a new trial from which defendant appealed. We held that the new trial was properly granted because of error in instructions. [Schroeder v. Rawlings, 344 Mo. 630, 127 S. W. (2d) 678.] Plaintiff seeks reversal herein on error in instructions. The evidence was substantially the same as stated in our former opinion, much of the evidence coming from the transcript of that trial. Plaintiff's version was that he was driving east (downgrade) on Oakland Boulevard about twenty feet behind the car of the original defendant, Virgil E. Rawlings (herein called defendant), and that a Cadillac car (driven by a Mr. Robinson) was following about twenty feet behind his car. All three cars were traveling about twenty miles per hour. In the middle of a block, plaintiff saw the stop light on defendant's car indicate slowing speed, and immediately give a hand signal for a stop to the car following him. Defendant's car stopped suddenly (in about ten feet after plaintiff saw the light signal) and plaintiff was able to stop his car so that it only very lightly touched the rear end of defendant's car. Almost at the time plaintiff stopped his car, the Cadillac crashed into it from behind and plaintiff then sustained injuries. Plaintiff said there was a car parked at the south curb and that a city street flushing truck was approaching on the north side of the road so that he could not swerve either way. Plaintiff also said that defendant told him he stopped because his car had just been washed and he did not want to get it dirty, from water splashing on it. Defendant's version was that plaintiff's car followed seventy feet behind his; that he took about forty feet in which to stop his car after putting on the brake; that first he tried to signal to the driver of the flushing truck to cut off the water (waving through the side window) before he applied his brakes; and that about two seconds after he stopped there was a light contact from the rear and "two seconds later a heavy contact."

Plaintiff's theory of the negligence submitted in his main instruction was that defendant stopped his car suddenly without giving

reasonable warning of his intention to stop (our former opinion held the refusal of the trial court to submit this theory, at the first trial, to be error warranting the granting of a new trial) ; and "that on account of the stop required of the plaintiff, and directly due to such action of defendant ahead of him," the Cadillac following plaintiff "crashed into plaintiff's car . . . without the fault of the said driver of said following car;" and that "as a direct result thereof (of defendant's failure to stop "in a careful and prudent manner") said following automobile crashed into plaintiff's automobile and plaintiff suffered an injury therefrom."

Defendant submitted, as a defense, instruction No. 3 on contributory negligence of plaintiff in failing to keep a lookout ahead. Plaintiff assigns error in giving this instruction. However, this is not before us for review because it was not mentioned in plaintiff's motion for new trial.

Plaintiff's remaining assignment of error (which was the only ground stated in his motion for new trial) is in giving defendant's instruction No. 4, as follows:

"The Court instructs the jury, that if you believe and find from the evidence, that on the occasion mentioned in the evidence a Cadillac car collided with the rear end of the automobile driven by plaintiff, and if you further believe and find from the evidence that the collision between the said Cadillac car and the rear of plaintiff's automobile, if you so find, was the sole cause of whatever injuries, if any, plaintiff sustained on said occasion, and that said injuries, if any, were not due to any negligence on the part of the defendant, Virgil Rawlings, in any particular set out in other instructions herein, then and in that case plaintiff is not entitled to recover against defendant, Virgil Rawlings, and you will find your verdict for said defendant."

Plaintiff says that this instruction was so worded as to emphasize one conceded fact "that the impact of the Cadillac car was the direct physical cause of plaintiff's injuries;" that it was error to use the words "sole cause of the injuries" without any qualifying requirement that there be also a finding of negligence on the part of the Cadillac driver and that his negligence was "the sole cause of the injuries;" and further that it was misleading to submit that plaintiff's "injuries" were not due to any negligence on the part of defendant, instead of submitting "that said collision of said Cadillac car was not due to any negligence of defendant contributing to cause such collision."

However, it was not defendant's theory that the collision of the Cadillac with plaintiff's car was due to any negligence of the Cadillac driver. (As shown, plaintiff submitted, as a part of his case, a finding that the Cadillac driver was not negligent, so this was the theory of both parties.) On the contrary, defendant's theory was that the only negligence involved was the negligence of plaintiff in failing to keep a lookout ahead so as to see defendant's car slackening speed, to

see defendant signaling to the approaching flushing truck by waving through his side window, and to see him making a gradual stop. (All of which the jury could have believed to be true from defendant's evidence.) Defendant's instruction No. 3 did submit this contributory negligence as a defense and, of course, it was a defense (if the jury found such contributory negligence of plaintiff) even though there was also negligence on the part of defendant. Thus the only controverted issues were primary negligence and contributory negligence. If the jury found contributory negligence, it was not necessary to go as far as instruction No. 4 did go, and require the jury to find that he was not guilty of "any negligence . . . in any particular set out in the other instructions." Thus, under the circumstances of this case, we do not see how this instruction could have been harmful to plaintiff. It would be a different situation if this instruction should be given in a humanitarian negligence case, where plaintiff's contributory negligence would not be a defense; or in a guest case, where contributory negligence of the driver could not be imputed to the guest to be used as a defense against the guest. In such cases, defendant's instructions must not inject such negligence. [See Stanich v. Western Union Tel. Co., 348 Mo. 188, 153 S. W. (2d) 54; Shields v. Keller, 348 Mo. 326, 153 S. W. (2d) 60.] The instruction would have been more appropriate if it had referred to plaintiff's negligence, as submitted in the contributory negligence instruction, instead of sole cause; but we think the jury should have understood that contributory negligence was the affirmative defense upon which defendant relied, because no instruction submitted any other charge of negligence except such alleged negligence on the part of plaintiff and the claimed negligence of defendant. The speculative submission of negligence of other persons, condemned in our first opinion, was not resubmitted.

Certainly, we cannot sustain plaintiff's contention that this instruction should have submitted some negligence of the Cadillac driver. Plaintiff had the burden of proof to show some negligence on the part of defendant which caused the collision. If defendant could obtain a finding from the jury that he was not negligent in any manner claimed, then he was entitled to a verdict. He did not have to go further and prove some other cause of the collision. Of course, he could have relied upon some third party's sole negligence as a defense and submitted a state of facts which showed it. [Which is the situation discussed in the opinion on motion for rehearing in Long v. Wild, 347 Mo. 1002, 149 S. W. (2d) 853, l. c. 859.] But he was not required to do so, and could, as he did, rely entirely upon his own freedom from negligence. As to submitting the finding that his negligence did not cause plaintiff's injuries (instead of a finding that his negligence did not cause the collision from which plaintiff's injuries resulted), we do not believe that this could have misled the jury. It

is not claimed that the instructions are in conflict, and we think, from the whole submission, reading and considering all instructions together as should be done, the issues were made plain. (Plaintiff's instructions submitted the same idea; namely, that "said following automobile crashed into plaintiff's automobile and plaintiff suffered an injury therefrom.") Plaintiff's main instruction submitted the facts necessary to impose liability in considerable detail and very favorably to his theory. Since it was, as plaintiff says, a conceded fact that plaintiff's injuries occurred when the Cadillac struck his car, surely the jury would understand from the whole submission that defendant's liability depended upon whether or not his negligence was the cause of the collision of the Cadillac with plaintiff's automobile.

The judgment is affirmed. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.