HELEN WEST, Appellant, v. ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation, Respondent, No. 42106—236 S. W. (2d) 308.

Division One, February 12, 1951.

*Everett Hullverson* for appellant; *F. Leland Jones* of counsel.

*Carroll J. Donohue* and *Salkey & Jones* for respondent.

[309]   ASCHEMEYER, C.—This is a suit to recover damages in the amount of $25,000.00 alleged tô have been sustained by plaintiff while she was a passenger upon a streetcar of the defendant.   There was a verdict in favor of the defendant (respondent).   After an unavailing motion for a new trial, plaintiff (appellant) has brought this appeal.

Appellant's evidence was that on September 27, 1949, she was a passenger on a northbound Broadway streetcar in St. Louis, Missouri.   As the car approached Chouteau Avenue, she arose from her seat in order to get off.   She was holding on to an upright iron pole when the car gave a sudden and violent jerk.   She was thrown against the pole, striking it with her right side and knee, and then fell to the floor.   The principal injury suffered by her was a lateral [310] dislocation of the patella of the right knee, and her evidence tended to show that a blow of considerable force would be necessary to produce such an injury.   Respondent's evidence tended to show either that appellant was not a passenger on the streetcar at the time she claims to have been injured or, if she was a passenger, she was not injured in the manner claimed by her and that respondent had no knowledge of the alleged accident until her claim was presented.

Appellant's assignments of error relate entirely to several instructions given at the request of respondent. Complaint is made of Instruction No. 6 which reads as follows:

"The Court instructs the jury that in deliberating upon this case, it is your duty to decide first whether or not under all of the facts and circumstances in evidence, under the instruc-

tions of the Court, plaintiff is entitled to recover against defendant. Until this question has been determined by you, you have no right to consider the amount, if any, of plaintiff's damages."

Appellant argues that the effect of this instruction was to exclude from the consideration of the jury the nature, character and extent of appellant's injuries when the jury was determining the issue of respondent's liability. Appellant urges that there was a sharp issue as to whether appellant was injured in the manner indicated by her testimony and that the evidence concerning the injury to her knee was relevant to a determination of this contested issue since it was corroborative of her version that she was thrown against the upright pole and struck her knee with considerable force and violence. We agree that under the facts and circumstances of the instant case the evidence as to appellant's injuries could properly be considered by the jury when they were determining the issue of respondent's liability. Stolovey v. Fleming, 328 Mo. 623, 8 S. W. 2d 832, 833, 834; Ryan v. Burrow, 326 Mo. 896, 33 S. W. 2d 928.

Where the character and extent of injuries are among the circumstances "the jury had a right to consider in determining whether or not defendant was negligent," it is error to instruct the jury that they "have no right to take into consideration the nature, character or extent of the alleged injuries to plaintiff" until after they have determined the question of negligence. Stolovey v. Fleming, supra; Ryan v. Burrow, supra. Appellant says that this is the meaning and effect of Instruction No. 6 and that it is erroneous. Respondent argues that the instruction is substantially similar to one approved by this Court, as within the proper exercise of discretion by the trial court, in Mendenhall v. Neyer, 347 Mo. 881, 149 S. W. 2d 366, 368, where an instruction read, in part, "Until this question of negligence has been determined by you, you have no right to consider the amount, if any, that plaintiff is entitled to recover."

Appellant argues, in effect, that the expression "amount of plaintiff's damages" is synonymous with "nature, character or extent of plaintiff's injuries" and that it would be so understood by a jury of laymen who could not be expected to know the legal distinction between "injuries" and "damages". Appellant's instruction on the measure of damages recited "if * * * you find in favor of the plaintiff, then in assessing her *damages* you will allow her such *sum* as you find and believe from the evidence will fairly and reasonably compensate her." (Italics supplied.) The two instructions must be read together. When they are, we do not believe that a jury of ordinarily intelligent laymen, who should be credited with common sense and reasonable discernment, would understand "amount of damages" to mean "nature, character or extent of injuries." Mueller v. Schien, 352 Mo. 180, 176 S. W. 2d 449, 453;

Lewis v. Zagata, 350 Mo. 446, 166 S. W. 2d 541, 545; Wilday v. Missouri-Kansas-Texas R. Co., 347 Mo. 275, 147 S. W. 2d 431, 434. On the contrary, we believe the jury could only understand the instruction to have reference to the amount of money which plaintiff might be entitled to recover in reparation for her injuries. This is precisely what the last sentence of the instruction means. Jackson v. St. [311] Louis-San Francisco Ry. Co., 357 Mo. 998, 211 S. W. 2d 931, 936; Montgomery v. Ross (Mo. Sup.), 218 S. W. 2d 99, 103; Lord v. Austin (Mo. App.), 39 S. W. 2d 575, 578.

The instruction did not exclude from consideration the evidence concerning appellant's injuries when the jury was determining "under all the facts and circumstances in evidence" whether appellant was entitled to recover. It simply told the jury to determine first whether appellant was entitled to recover before they gave consideration to the amount of recovery. It was a cautionary instruction which rested largely in the discretion of the trial court. Mendenhall v. Neyer, supra, and cases there cited (l. c. 370).

Appellant also argues that this instruction is of a type criticized by this Court as a "lecturing instruction" and one which improperly attempted to direct and control the deliberations of the jury. The instruction involved in the instant case is simple and concise. It is not similar in length, complexity or degree of harangue to those instructions criticized in Unterlachner v. Wells (Mo. Sup.), 278 S. W. 79, 83; and Ryan v. Burrow, supra. Similar contentions were advanced in Mendenhall v. Neyer, supra, and we pointed out that neither Unterlachner v. Wells, supra, nor Ryan v. Burrow, supra, had held instructions to be prejudicially erroneous simply because they lectured the jury. As to the jury's deliberations, appellant's instruction on the measure of damages expressly told the jury that they were to assess her damages *after* they found in her favor. In Mendenhall v. Neyer, supra, (l. c. 369) we said: "The common sense and orderly procedure for determining the issues of liability and the amount of the damages in an action for damages is to determine, first, the issue of liability, and if liability exists, next, the amount of damages." This, certainly, is the logical way for the jury to proceed. Why, then, should it be incorrect for the trial court to advise the jury accordingly? We hold that the giving of Instruction No. 6 was in the proper exercise of the trial court's discretion.

Appellant urges that her burden of proof was over-emphasized because both Instructions Nos. 3 and 5 deal with this subject. The first paragraph of Instruction 3 is on burden of proof. Instruction No. 5 is a cautionary instruction rather than one dealing with burden of proof. This is evident from the instruction itself which we shall presently reproduce. In any event, the cases cited by appellant do not support the contention that repetitious instructions, without

more, constitute reversible error. In Miller v. Williams (Mo. Sup.), 76 S. W. 2d 355, 357, cited by appellant, the opinion comments that the burden of proof was unduly emphasized by giving two instructions on the subject but, in State ex rel. Kansas City v. Shain (Mo. Sup.), 177 S. W. 2d 511, 513, we said, speaking of this comment: "We are of the opinion the court did not intend by the latter sentence to rule the giving of two instructions on the burden of proof, without more, was reversible error." In Mueller v. Schien, supra, we held that "The matter of repetition or elaboration of the same proposition in instructions is generally considered to be within the discretion of the trial court" and did not consider reversible error the repetitious emphasis of burden of proof in three instructions. See also Ford v. Dahl, 360 Mo. 437, 228 S. W. 2d 800, 804. This contention is ruled against appellant.

Appellant argues that both Instructions Nos. 2 and 3 are converse and that it was error to give two such instructions. In substance, Instruction No. 2 directed a verdict for respondent if the jury found either that appellant was not a passenger on the streetcar at the time she claims to have been injured or, if she was, the streetcar "did not give a sudden, violent and unusual jerk and jar." The second paragraph of Instruction No. 3 was substantially in the form suggested by this Court in Harke v. Haase, 335 Mo. 1104, 75 S. W. 2d 1001, 1004, as an appropriate defendant's instruction in a res ipsa loquitur case. It is not contended that either instruction, standing alone, is incorrect or misleading. Each instruction is consistent with the other. There can be no error in these instructions, considered in combination, unless it [312] arises solely from repetition. We believe the instructions are supplementary rather than repetitious, but even if repetition be conceded, it does not constitute reversible error unless "the repetitions and emphasis were such as to confuse and mislead the jury," which we do not consider to be the effect of these instructions. Mueller v. Schien, supra, (1. c. 454). See also Huss v. Heydt Bakery Co., 210 Mo. 44, 108 S. W. 63, 67; Connole v. East St. Louis & S. R. Co., 340 Mo. 690, 102 S. W. 2d 581, 592.

Appellant contends that Instructions Nos. 3 and 5 are erroneous because they combine directions on burden of proof with other matters. The cases which appellant cites [Mitchell v. Dyer (Mo. Sup.), 57 S. W. 2d 1082; Rouchene v. Gamble Const. Co., 338 Mo. 123, 89 S. W. 2d 58; Carroll v. Missouri Power & Light Co., 231 Mo. App. 265, 96 S. W. 2d 1074] do not support her position. They criticize instructions which are unnecessarily long, complicated and elaborate and, therefore, likely to mislead and confuse rather than aid the jury. It is a common practice to include directions on burden of proof in instructions which deal also with other subjects. If such instructions are clear and correctly apply

principles of law to the facts involved, there is no reason why they should not be given. See Ford v. Dahl, supra; Montgomery v. Ross, supra; Schlemmer v. McGee (Mo. Sup.), 185 S. W. 2d 806. This contention is without merit.

The final contention is that Instruction No. 5 is erroneous because it is improper in a res ipsa loquitur case to instruct the jury that "negligence is not in law presumed" and that they are not entitled to base their verdict upon "surmise, guess work and speculation." The instruction reads as follows:

"The Court instructs the jury that negligence is not in law presumed, but must be established by proof as explained in other instructions.

"Neither are you permitted to base a verdict entirely and exclusively upon mere surmise, guess work and speculation; and if upon the whole evidence in the case, fairly considered, you are not able to make a finding that defendant was liable without resorting to surmise, guess work and speculation outside of and beyond the scope of the evidence, and the reasonable inference deductible therefrom, then it is your duty to, and you must, return a verdict for defendant."

The meaning of an instruction must be determined from its entirety and not by considering only isolated words or phrases. Mueller v. Schien, supra; Rishel v. Kansas City Public Service Co. (Mo. Sup.), 129 S. W. 2d 851, 856; Mendenhall v. Neyer, supra. When the instruction is so considered, it has this meaning: Negligence is not a presumption of law but it must be proved as explained in other instructions. If, upon all the evidence in the case, including reasonable inferences to be drawn therefrom, the jury is unable to make a finding that defendant is liable, they are not permitted to go *outside* of and beyond the scope of the evidence and reasonable inferences drawn therefrom, and base a verdict for plaintiff entirely and exclusively upon mere surmise, guess work and speculation. If this is the meaning of the instruction (and we think it is), it is a correct statement of the law, in abstract form, and it is not in conflict with the principles stated by this Court in Harke v. Haase, supra.

We do not think that the instruction is reasonably susceptible of the meaning that the jury was not entitled to presume (infer) negligence from the *facts in evidence* or that the jury was not permitted to surmise or speculate upon the *facts in evidence* in the process of drawing reasonable inferences therefrom. If the instruction had such meaning, it would come within the condemnation of Harke v. Haase, supra, and Tabler v. Perry, 337 Mo. 154, 85 S. W. 2d 471, 479.

In Mendenhall v. Neyer, supra, where respondent contended that her case was based, in part, on circumstantial evidence, we held that it was not reversible error to give an instruction which pro-

vided: "You have no right to indulge in guess work, conjecture, surmise or speculation, but you [313] must confine yourselves to the facts detailed in evidence, and to the inferences to be drawn directly therefrom." We pointed out that the instruction did not withdraw any evidence from the jury and "explicitly recognized the right of the jury to consider circumstantial evidence in arriving at their verdict." (l. c. 371) These comments are, we believe, equally appropriate to the instruction involved in the instant case.

In Mueller v. Schien, supra, we stated the basic rule applicable to the construction of instructions as follows (l. c. 452):

> "It is commonplace that 'instructions to juries must be read and construed together and, as a whole, as stating the law for the guidance of the jury. They must not be conflicting, but may be supplementary to or explanatory of each other.' Scott v. First Nat. Bank in St. Louis, en banc, 343 Mo. 77, 119 S. W. 2d 929, 939, 940. When all the instructions, construed together, harmonize and clearly and specifically require the finding of all essential elements any indefinite, ambiguous and misleading language in a particular instruction is cured. Larey v. Missouri-Kansas-Texas R. Co., 333 Mo. 949, 64 S. W. 2d 681, 684; Schroeder v. Rawlings, 348 Mo. 824, 155 S. W. 2d 189, 191; 1 Raymond Missouri Instructions, p. 183, Sec. 209."

Instruction No. 1, after hypothesizing the facts concerning the accident to which appellant testified, stated: "then you are instructed that such facts, if you find them to be true, are sufficient circumstantial evidence to warrant a finding by you that the defendant St. Louis Public Service Company was negligent, and you may so find unless you find and believe from other facts and circumstances in evidence that the occurrence was not due to the defendant's negligence." Instruction No. 4 related to appellant's burden of proof. It stated that if the occurrence set out in Instruction No. 1 took place "and that it would not have happened without some negligence on the part of the operator, and if you further find that such negligence, if any, caused plaintiff to come in contact with the upright mentioned in evidence and to be thrown to the floor there and to be injured, then such finding by you would mean that plaintiff has met and carried her burden of proof and you may so find."

We do not commend the form of Instruction No. 5 or its use in any case which is based, in whole or in part, upon circumstantial evidence, but when this instruction is read and considered in conjunction with the other instructions given, we do not think that it could have been misunderstood by the jury or that it mislead or confused them.

We have held repeatedly that the giving or refusal of cautionary instructions is largely within the discretion of the trial court and

that where the trial court has endorsed the propriety of cautionary instructions by denying a motion for a new trial, we will not interfere unless the exercise of discretion has been clearly erroneous. Mendenhall v. Neyer, supra; Wolfson v. Cohen (Mo. Sup.), 55 S. W. 2d 677, 681; Lewis v. Zagata, supra; Gardner v. Turk, 343 Mo. 899, 123 S. W. 2d 158, 161.

The instructions, considered as a whole, are correct and proper and we find no reversible error in the case. Mueller v. Schien, supra; Griffith v. Gardner, 358 Mo. 859, 217 S. W. 2d 519, 526.

The judgment should be and it is hereby affirmed. *Van Osdol* and *Lozier, CC.,* concur.

PER CURIAM:—The foregoing opinion by ASCHEMEYER, C., is adopted as the opinion of the court. All the judges concur.