245 S.W.2d 8 (1952)
ROUSH
v.
ALKIRE TRUCK LINES, Inc.
No. 42480.
Supreme Court of Missouri, Division No. 1.
January 14, 1952.
*10 Robert S. Burns, Kansas City, for appellant.
Paul C. Sprinkle, William F. Knowles, Roy F. Carter and Sprinkle, Knowles & Carter, Kansas City, for respondent.
COIL, Commissioner.
In an action for $30,000 damages for personal injuries resulting from a collision between an automobile, in which plaintiff-appellant was a passenger, and a truck owned and operated by defendant-respondent, a jury found for plaintiff and assessed her damages at $750. Plaintiff appealed from the judgment, after her unavailing motion for new trial, in which was included the ground of inadequacy of verdict.
Plaintiff contends (1) that the verdict of the jury was inadequate, and so inadequate as to indicate it was the result of "passion and prejudice" on the part of the jury, and (2) that the court erred in giving instruction 4.
The trial court, in overruling plaintiff's motion for new trial on the ground of inadequacy of verdict, weighed the evidence and determined that a verdict in the sum of $750 was not against the weight of the evidence. Coats v. News Corporation, 355 Mo. 778, 785[3], 197 S.W.2d 958, 962[6-8].
We do not weigh the evidence in this action. We determine only whether the trial court abused its discretion in overruling plaintiff's motion for new trial on the ground of inadequacy of verdict. Murphy v. Kroger Grocery & Baking Co., 350 Mo. 1186, 1194[7], 171 S.W.2d 610, 613[8, 9].
In making this determination, we examine the record to ascertain whether there is substantial evidence to support the action of the trial court. Wilhelm v. Kansas City Public Service Co., 358 Mo. 6, 11[2], 212 S.W.2d 915, 918[4-7]; Coats v. News Corporation, supra; Murphy v. Kroger Grocery & Baking Co., supra.
Plaintiff, a woman 32 years of age at the time of the accident in November 1947, was a passenger in an automobile being driven by her husband in Kansas City, Missouri, when the automobile was struck in the rear by the bumper of defendant's cattle truck.
Plaintiff adduced evidence as to the nature and extent of her injuries upon which the jury could have awarded her damages in an amount many times greater than the $750 awarded. We do not, however, review the evidence pertaining to injuries from a standpoint favorable to plaintiff but, on the contrary, consider the evidence from the standpoint favorable to the verdict and to the action of the trial court in overruling plaintiff's motion for new trial on the ground of inadequacy. Wilhelm v. Kansas City Public Service Co., supra.
So viewed, the evidence tended to show that defendant's truck hit the automobile in which plaintiff was riding a slight blow, the truck stopping just as it hit; that plaintiff immediately got out of the automobile and remained standing and walking about at the scene of the accident for some 20 or 25 minutes during which she not only made no complaint of injury, but stated that no one in the automobile was injured. Plaintiff went to her family physician later during the evening of the accident, ascending a flight of stairs to his office. An examination was made, some medicine put on a cut or bruise on plaintiff's leg, and some "pain" medicine given her. The family physician did not see plaintiff for another ten days, at which time she met him at a hospital for X-rays and obtained from him some more pain medicine. Up to January 1948, plaintiff saw the family physician five or six times, always at his office, other than the one time at the hospital. He did nothing other than to give her pain medicine and tell her to wear a heavy corset. The only visible sign of injury on plaintiff's body at any time following the accident was a small bruise about the size of a dollar above her knee. The X-rays taken by plaintiff's family physician were not introduced in evidence. The family physician died before trial and his testimony was not adduced by deposition.
Two doctors examined plaintiff on behalf of defendant. At one examination, by an orthopedist, February 3, 1948, plaintiff complained: of pains in her back when sitting of lying down, and sometimes when walking; of intermittent headaches; and of menstrual disturbance. On examination, *11 some tenderness in the small of the back and over the left sacroiliac joint was noted. There was no muscle spasm, no limitation or pain on flexion, or on forward, lateral, or backward bending, or on rotation; no limitation or pain on straight leg raising. Reflexes were normal in the lower extremities. Examination of the cervical spine was negative. The X-rays of the lumbar spine showed a mild dorsal lumbar scoliosis. The doctor's conclusion was that plaintiff had only a mild postural disorder and that there was no evidence of any disability due to traumatic injury.
At the other examination, by a physician and surgeon, April 5, 1948 (about two months subsequent to the examination just mentioned), plaintiff complained: of a constant backache; of her left hip giving way at times; of soreness and aching in the lower left abdomen when on her feet; of frequent headaches; of a change in her menstrual cycle. Examination revealed: weight, 187½ pounds; no abnormal findings about the head; a large smooth mass in the thyroid gland, mostly on the right side, causing a protrusion forward about the size of a large lemon or small orange, which was diagnosed as a simple type goiter which was producing no disability except by pressure; neck otherwise normal; chest normal; breasts normal; on the abdomen, a low midline well-healed surgical scar, the result of an operation performed when plaintiff's last child was four months old for the purpose of correcting a suspension of the uterus (at the time of this operation, according to plaintiff, her appendix was removed); a "markedly lacerated perineum, with a large cystocele and rectocele," resulting in a "loss of the supportive structure of the perineum, so that the rectum bulged forth and pushed the posterior vaginal wall out of the introitus of the vagina, the introitus being the entrance from the outside, upon straining. This same condition occurred with the urinary bladder on the anterior vaginal wall so that a cystocele resulted. There is also a bad laceration of the cervix, which was in need of repair. This is also the result of childbirth." Examination of the back with patient in standing position showed good alignment, no muscle spasm, and no tenderness. The X-rays taken at the examination of February 3, 1948, revealed no evidence of fracture or dislocation or of any abnormality with the exception of a mild degree of flattening of the lumbar curve which, in view of plaintiff's weight of 187 pounds, was, in the doctor's opinion, due to a postural defect resulting from her weighta condition which might cause pain. The doctor's conclusion was that there was no evidence of any disability which was the result of injury. The doctor was of the further opinion that there were three definite physical findings which could account for the complaints plaintiff made, including the complaint of pain in her lower back. These conditions were: the goiter which could be causing nervousness and pressure in the throat, not connected in any way with trauma or injury; the advanced cystocele and rectocele, definitely the result of childbirth and not related to trauma, which would produce fatigue, backache, and "lack of support in the perineum"; and obesity, plaintiff being approximately 40 pounds overweight, which excess weight would produce a strain on the back muscles which would cause the pains complained of in that region.
There was no evidence of loss of earnings, nor any evidence of hospital, medical, and other expense attributable to the accident.
From the foregoing review of the evidence, it is apparent that a jury could reasonably find that any injury sustained as a result of the accident was trivial. It is also apparent that a verdict of $750 does not convict the trial court of an abuse of discretion in overruling plaintiff's motion for new trial on the ground of inadequacy of verdict.
Plaintiff, however, vigorously contends that further facts shown in evidence necessarily make these conclusions erroneous. Plaintiff points to her evidence which showed that she went to an orthopedic surgeon on October 29, 1948 (after the examination by the doctors whose testimony was adduced by defendant). This doctor testified by deposition: that plaintiff complained of *12 pain in her lower back; that he found on examination and by X-rays taken by him that plaintiff had an "unstable spine due to congenital abnormality in the fifth lumbar" vertebra consisting of the failure of the vertebra, a condition found in approximately 6½ per cent of all persons; that this abnormality is evidenced by the fifth lumbar vertebra being in two parts rather than being one solid bone; that he prescribed conservative treatment, a back support, and some "balancing up" of her shoes; that plaintiff got relief but not complete relief; that consequently on July 17, 1950, he operated and thereby fused the fourth and fifth lumbar vertebrae to the sacrum by means of a bone graft taken from plaintiff's leg. This doctor also testified that, based upon plaintiff's history as given to him, including the accident and plaintiff's subjective symptoms, and assuming no other accident or mishap to plaintiff in the interim, in his opinion the accident subjected the "weak area of the spine" to a strain which aggravated this congenital abnormality and caused plaintiff's ensuing pain and suffering, and made the operation necessary.
Plaintiff insists that because an operation was done in July, 1950 which disclosed the described condition of the fifth lumbar vertebra, and because of the testimony of the doctor as to causation, the medical testimony adduced by defendant becomes worthless and plaintiff's evidence as to injury and cause thereof is uncontradicted and unimpeached. Plaintiff states her contention: "If a doctor says in his opinion that she was not injured, and another doctor operates and finds that she did have a serious bone injury, it is proof that the first doctor's opinion is of no value. Facts overcome opinions."
The difficulty with plaintiff's position in this regard is that it overlooks the testimony of defendant's doctors who examined the X-rays taken by plaintiff's doctor in October, 1948 (which plaintiff's doctor testified disclosed the condition for which he operated), and each of defendant's doctors denied that the X-rays disclosed any condition which called for the fusion operation performed. It overlooks the proposition that, despite plaintiff's testimony to the contrary, the jury could reasonably find from all the evidence that any aggravation of the congenital back condition was caused by something other than trauma received in the accident, either prior or subsequent thereto, and that the operating doctor's testimony as to causation was based upon facts related by plaintiff which the jury could accept or reject. In short, plaintiff's contention overlooks the fact that the jury, as the sole judge of the credibility of witnesses and of the weight and value to be given their testimony, could reasonably find from defendant's medical testimony that whatever condition was found in plaintiff in October, 1948, was produced by causes other than the accident.
Plaintiff has cited many cases. We have examined all of them. Most of them involve an entirely different situation in that they are cases in which a trial court sustained plaintiff's motion for new trial on the ground that a verdict was inadequate. Obviously, such cases are not applicable to the proposition we here consider. The cases cited in which this court has determined that a trial court abused its discretion in overruling a motion for new trial on the ground of inadequacy of verdict, are all readily distinguishable on the facts. It would serve no useful purpose to review those cases here.
We find nothing in this record demonstrating that the small verdict for plaintiff was the result of passion and prejudice. We are of the opinion that there is substantial evidence in the record to support the action of the trial court in overruling plaintiff's motion for new trial on the ground of inadequacy of verdict.
Plaintiff contends that the court erred in giving instruction 4: "The Court instructs the jury that in considering the testimony of any witness you should use your common sense, reason and judgment, so that if you find that the testimony of any witness as to the facts surrounding the alleged accident is in conflict with physical facts, then you are instructed that you may take into consideration such conflict in determining what weight will be given to the testimony of such witness or witnesses so conflicting." *13 Plaintiff says the instruction is erroneous because it tells the jury that it may consider the testimony of a witness in conflict with physical facts in determining the weight to be given all the testimony of such witness. She also contends that there is no evidence in the record to justify any instruction on this subject.
We think plaintiff has misconstrued the instruction. The instruction does not authorize the jury to disregard any testimony of any witness. The instruction tells the jury that it may consider the conflict with physical facts in the testimony of a witness in determining the weight to be given to such conflicting testimony. Compare Mueller v. Schien, 352 Mo. 180, 187, 191[7], 176 S.W.2d 449, 452, 455[21]; Steinmetz v. Nichols, 352 Mo. 1047, 1055[4], 180 S.W.2d 712, 716[4]. We need not and do not determine whether it would have been error to instruct the jury that it might consider the conflict with physical facts in the testimony of a witness in determining the weight to be given all the testimony of that witness. This instruction does not so tell the jury.
The giving of instruction 4, a cautionary instruction, was largely within the discretion of the trial court. Where, as here, the trial court passed upon the propriety of this cautionary instruction by overruling the ground of plaintiff's motion for new trial alleging error in giving it, this court will not interfere unless the trial court has clearly erred in exercising its discretion. West v. St. Louis Public Service Co., 361 Mo. 740, 236 S.W.2d 308, 313[13].
There was some testimony by plaintiff and her husband that they were thrown forward when the rear of their car was struck. Defendant says this testimony is contrary to physical law. Defendant also points out that plaintiff's testimony as to the seriousness of her injury caused by this accident, was contrary to the physical facts of the manner in which the accident occurred and the admitted actions of plaintiff immediately thereafter.
While a consideration of the evidence in the record does not impress us with the necessity for a cautionary instruction on the subject covered, nevertheless, we are also of the opinion that the action of the trial court in giving instruction 4 was not clearly an erroneous exercise of discretion. The trial court overruled plaintiff's motion for new trial "and we are precluded from reversing the judgment unless we `shall believe that error was committed * * * against the appellant * * * and materially affecting the merits of the action.'" Mueller v. Schien, supra, 352 Mo. 188, 176 S.W.2d 453[7-9]; Mo.R.S.1949, § 512.160, V.A.M.S.
The judgment is affirmed.
VAN OSDOL and LOZIER, CC., concur.
PER CURIUM.
The foregoing opinion by COIL, C., is adopted as the opinion of the court. All concur.