Helen LYNN, Respondent,

v.

James KERN, Appellant.

No. 46821.

Supreme Court of Missouri,

Division No. 2.

April 13, 1959.

Motion for Rehearing or to Transfer to Court en Banc Denied May 11, 1959.

Derrick & Holderle, St. Louis, for appellant.

Librach, Heller & Byrne, William P. Byrne, St. Louis, for respondent.

STOCKARD, Commissioner.

Defendant-appellant has appealed from the order of the trial court sustaining plaintiff's motion for a new trial in her suit for $22,500 damages.

This suit arose out of a rear-end collision at the intersection of Thirteenth Street and Cass Avenue in the City of St. Louis. The substance of plaintiff's testimony was that she stopped in the intersection to permit a tractor-trailer to cross in front of her, and while so stopped her automobile was struck from behind by defendant's automobile. The substance of defendant's testimony was that after waiting for the traffic light to change plaintiff moved forward into the intersection and then stopped abruptly without any signal. He was following her and applied his brakes to stop, but his automobile was struck from behind

by a Buick automobile and knocked into plaintiff's car. The operator of the Buick automobile left the scene of the accident and his identity was unknown.

Plaintiff's case was submitted to the jury on primary negligence in that "defendant caused, suffered, and permitted the front end of his automobile to come into contact with the rear end of the automobile with plaintiff therein and was negligent, * * *." After verdict and judgment for defendant, the trial court sustained plaintiff's motion for a new trial "on grounds 7 and 15 of said motion." Ground 7 was that the trial court erred in giving instruction 2 at the request of defendant, and ground 15 was in substance that in his oral argument defendant's counsel referred to instruction 2 as "my instruction." In a memorandum the trial court set forth as its reasons for granting a new trial that "The defendant in his 'sole' cause instruction failed to hypothesize sufficient facts to absolve him from any negligence on his part."

Instruction 2 was as follows: "The Court instructs you that if you find from the evidence that the plaintiff was stopped at the intersection of Cass Avenue with 13th Street and that the defendant was parked immediately behind her, both waiting for the electric traffic signal to change, and if you further find that when said signal changed, the plaintiff proceeded into the intersection of the aforesaid streets and moved her automobile approximately 30 feet, and if you further find that the defendant followed the plaintiff in his said automobile and if you further find that the plaintiff suddenly stopped her automobile in said intersection and if you further find that the defendant applied his brakes in an attempt to stop his said automobile, and if you further find that the defendant's automobile was struck from the rear by another automobile and knocked into the plaintiff's automobile and collided with the automobile which plaintiff was operating, and if you further find and believe from the evidence that the plaintiff gave no warning or signal of her intentions to

stop, and if you further find that the defendant was exercising the highest degree of care under the circumstances then and there existing and was not guilty of any negligence charged against him in other instructions given you herewith, and if you further find that the driver of the automobile which struck the defendant's automobile and knocked him into the plaintiff's automobile was the sole cause of the accident and injuries, if any, suffered by the plaintiff then your verdict should be for the defendant and against the plaintiff."

Defendant's position is that the facts and evidence justified the giving of a sole cause instruction, and that it was not necessary that he hypothesize therein a set of facts to show affirmatively that he was not negligent, but that it was sufficient to require the jury to find that he "was not guilty of any negligence charged against him in other instructions given you herewith."

Sole cause is not an affirmative defense and plaintiff has the burden of proof on the issue of defendant's negligence. Long v. Mild, 347 Mo. 1002, 149 S.W.2d 853; Wiseman v. Jackson, Mo.App., 309 S.W.2d 356, 363. Therefore, it is not necessary in order for a defendant to be entitled to a verdict in his favor in a damage suit based on negligence that he introduce evidence from which it may affirmatively be found that he was not negligent. In other words, a defendant is not required to disprove plaintiff's allegations of negligence. In Hopkins v. Highland Dairy Farms, 348 Mo. 1158, 159 S.W.2d 254, 257, it was stated that a sole cause instruction "must specifically *negative* the existence of any negligence of the defendant and must *hypothesize* the specific negligence of the plaintiff or of a third person relied on as the sole cause of the collision". (Emphasis added.) In Happy v. Blanton, Mo.Sup., 303 S.W.2d 633, 639, it was stated that "When a defendant hypothesizes facts, supported by the evidence, to show that the injuries to plaintiff were the result of the negligence

of someone other than him, and also requires the jury to find that he was not negligent as submitted in the other instructions, he has by the facts hypothesized in that instruction and by reference to other instructions, at least in a primary negligence case, submitted a complete sole cause situation". See, also, Creech v. Blackwell, Mo. Sup., 318 S.W.2d 342; Knox v. Weathers, 363 Mo. 1167, 257 S.W.2d 912; Rembusch v. Prebe, 358 Mo. 409, 215 S.W.2d 433; Shields v. Keller, 348 Mo. 326, 153 S.W.2d 60; Gower v. Trumbo, Mo.Sup., 181 S.W. 2d 653; Branson v. Abernathy Furniture Co., 344 Mo. 1171, 130 S.W.2d 562; Johnson v. Dawidoff, 352 Mo. 343, 177 S.W.2d 467; Kick v. Franklin, 345 Mo. 752, 137 S.W.2d 512. We do not consider Semar v. Kelly, 352 Mo. 157, 176 S.W.2d 289, 292, to require a different conclusion. It was there said that the fact that defendant was not negligent could not be "cryptically submitted to and found by the jury on the hypothesis of abstractions only," and that a sole cause instruction "must hypothesize facts which show he [defendant] was not guilty of any negligence." But, this may be done as effectively by a proper reference to plaintiff's instructions where the facts are hypothesized, and by requiring the jury to find that the defendant was not negligent as charged therein. A provision requiring the jury to find that the defendant was not negligent as charged in plaintiff's instructions was not contained in the sole cause instruction considered in Semar v. Kelly.

The trial court cited and relied on Bootee v. Kansas City Public Service Company, 353 Mo. 716, 183 S.W.2d 892, 897. That was a humanitarian negligence case and the principles there announced must be applied with caution in a primary negligence case. But, in commenting on the inadequacy of the sole cause instruction in that case the court said: "In no sense did the instruction purport to submit facts for a converse finding on the issue of the humanitarian negligence submitted by plaintiff's principal instruction. Nor did it contain any provision requiring a specific finding by the jury against the issue of defendant's negligence as submitted in plaintiff's principal instruction."

We conclude that in this primary negligence case defendant's instruction 2 was not erroneous for the reason assigned by the trial court in its memorandum.

The above question is all that was briefed by defendant-appellant pertaining to instruction 2, apparently on the theory that this was the only reason assigned by the trial judge in his memorandum. But, plaintiff made a general charge of error in giving instruction 2 in her motion for new trial, and on this appeal she is not restricted to the one reason assigned by the trial court. White v. St. Louis Public Service Co., 364 Mo. 111, 259 S.W. 2d 795. She has set forth in her brief other objections to the instruction, and we note that defendant has not filed a reply brief; a practice not to be encouraged in such a situation.

In addition to the reason assigned by the trial judge, plaintiff contends that instruction 2 is erroneous because it injected the issue of contributory negligence on her part and it failed to require a finding that plaintiff's stop was the proximate cause of the collision. The defendant did not request a verdict-directing instruction on the issue of contributory negligence on the part of plaintiff, but nevertheless plaintiff requested, and the trial court gave, instruction 5 which was as follows: "The court instructs the jury that you cannot find against plaintiff on the ground that plaintiff was contributorily negligent unless you find that the negligence, if any, on the part of plaintiff entered into and formed a direct, producing and efficient contributory cause of the casualty mentioned in evidence and absent which such casualty would not have occurred."

Defendant's instruction 2 obviously was not worded as concisely as it easily could and should have been, but when we analyze it and make some minor changes in the

order in which some of the facts are hypothesized we find that in effect it submitted to the jury the following: (1) plaintiff drove her automobile into the intersection and suddenly stopped without warning; (2) defendant was following plaintiff and he applied his brakes in an attempt to stop his automobile; (3) defendant's automobile was then struck from behind and knocked into plaintiff's automobile; (4) defendant was exercising the highest degree of care under the circumstances and (by reference to plaintiff's verdict instruction) he did not negligently cause, suffer or permit the front end of his automobile to come into contact with the rear end of plaintiff's automobile; and (5) the act of the driver of the third automobile in striking defendant's automobile and knocking it into plaintiff's automobile was the sole cause of plaintiff's injuries.

Plaintiff relies on Beahan v. St. Louis Public Service Co., Mo.App., 213 S.W.2d 253. In that case the evidence showed that the bus was stopped so that plaintiff would alight where there was a defect in the sidewalk. The defendant's sole cause instruction was to the effect that if the passenger saw or could have seen the defect in time to have avoided stepping thereon and was negligent in not doing so, and this negligence was the sole cause of her injuries and the defendant was not negligent as charged in plaintiff's instructions the verdict should be for defendant. It was held that the evidence did not show a "true sole-cause situation" because the facts upon which the defendant relied to support the sole cause instruction disclosed that the defendant would in any event have been guilty of concurring negligence, that is, the stopping of the bus where plaintiff necessarily had to alight on a defect in the sidewalk. There was a strong dissent. Whether the Beahan case is right or wrong it does not present the situation we have here. The defendant did not submit that the sole cause of plaintiff's injuries was her own negligence. Defendant did not submit the sudden stopping by plaintiff as a negli-

gent act on her part which caused or contributed to her injuries, but this was hypothesized only as an incident in the chain of events which was followed by the act of the third person in striking defendant's automobile and knocking it into plaintiff's automobile. It was this third person's act, which did not necessarily have to be a negligent act, Schroeder v. Rawlings, 348 Mo. 824, 155 S.W.2d 189, that was expressly submitted by defendant as the sole proximate cause of the collision and plaintiff's injuries. If defendant had submitted that the stopping by plaintiff constituted negligence, and the jury had been required or authorized to so find, and defendant had then submitted as the sole proximate cause of plaintiff's injuries the act of the third person, we think there could be some merit to her contention. But it appears to us that if plaintiff's contributory negligence was injected into this case it was by reason of plaintiff's instruction 5 and not defendant's instruction 2. At least instruction 2 standing alone did not offend in this respect. Therefore, since defendant did not rely on or submit the stopping by plaintiff as a negligent act which constituted the sole cause or a concurring cause of plaintiff's injuries, it was not necessary or proper to require a finding by the jury that plaintiff's stop was the proximate cause of the collision.

■ The last contention pertaining to instruction 2 is that it failed to hypothesize what alleged acts of the driver of the third car were the sole cause of the collision. It seems reasonably clear to us that those acts were the striking of defendant's automobile and knocking it into plaintiff's automobile.

As we have interpreted instruction 2, which is as we believe it would be understood by any reasonable jury, it presents all the essential elements of a sole cause defense although admittedly somewhat inartfully drawn, and we do not find it to be erroneous for the reasons set forth by the trial court or asserted on this appeal.

We turn now to the second assignment in plaintiff's motion for a new trial which was sustained by the trial court.

At the conclusion of the oral argument by counsel for defendant the following statement was made without objection. "There are the instructions and Instruction No. 2 is my instruction, and that tells you if you find those things to be true you give a verdict for the defendant. Read Instruction No. 2 because it follows exactly the evidence adduced here—the reliable evidence—evidence you can't dispute because the physical facts show you exactly how this thing happened." Plaintiff's counsel then made his closing argument to the jury. After the jury had retired to consider its verdict, and in the court's chambers, counsel for plaintiff entered an objection "to that portion of the defendant's argument in reference to instruction 2 in using the words 'That's my instruction.'" When defendant stated that the objection was not timely, plaintiff's counsel replied that an objection at the time would have been "inopportune."

Technically speaking, the remark of defendant's counsel was not correct. Although counsel prepare most and often all of the instructions they are in fact the instructions of the court. But we seriously doubt that juries, for the most part, do not know how the preparing and giving of instructions are handled.

 Every instruction given in this case, including instruction 2, started off with the words, "The court instructs you" or "The court instructs the jury." We cannot but regard the remark of defendant's counsel as a trivial incident which at the time was not regarded by plaintiff to merit any corrective action. The comments made in the court's chambers when the objection was entered clearly show that plaintiff knowingly elected not to say anything about this incident at the time of its occurrence when corrective action could have been taken, but willingly agreed to take her chances with the jury. In such

a situation, as a general rule, she is not entitled to complain. Blanford v. St. Louis Public Service Co., Mo.Sup., 266 S.W.2d 718; Enyart v. Santa Fe Trail Transp. Co., Mo.Sup., 241 S.W.2d 268; Minor v. Lillard, Mo.Sup., 306 S.W.2d 541. But, in any event the remark could not possibly have been prejudicial to plaintiff. If there is any merit at all, and we think there is, to the frequently made argument that juries pay more attention to what the court says than to what is said by the lawyers, then what defendant's counsel in effect told the jury was that instruction 1, which directed a verdict for plaintiff, was the instruction of the court, but instruction 2, which authorized the jury to find in favor of defendant, constituted no more than some suggestions by defendant's lawyer.

 Plaintiff relies upon Phillips v. Vrooman, Mo.Sup., 251 S.W.2d 626, 632, wherein it was stated that "Failure to make either a sufficient or a timely objection does not prevent a trial court from sustaining a new trial motion for any trial error called to the court's attention in such motion; and where * * * an appellate court sustains the new trial order on the ground specified by the trial court, the absence of sufficient and timely objection is not fatal." In that case the trial error was not only flagrant but prejudicial. Here there is nothing to indicate that the remark was made for any malicious purpose, and it could not possibly have been prejudicial to plaintiff. It is true that an appellate court will be more liberal in upholding the order of a trial court in granting a new trial than it might be in reversing a judgment on the same ground on appeal, Tennison v. St. Louis-San Francisco Ry. Co., Mo.Sup., 228 S.W.2d 718, 721, because the granting of a new trial is the exercise of judicial discretion and the trial judge had the opportunity to determine the effect of any error. But an order granting a new trial is not to be upheld when the exercise of discretion is abused or clearly erroneous. Teague v. Plaza

Express Co., 356 Mo. 1186, 205 S.W.2d 563. We think the order granting a new trial because of the unobjected to and non-prejudicial remark of defendant's counsel was clearly erroneous in this case.

The order of the trial court granting a new trial to plaintiff is reversed and the cause is remanded with directions to the trial court to reinstate the verdict of the jury and to enter judgment thereon for defendant.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.